THOMPSON, J.
 

 In January of the present year the police jury of the parish of Jefferson created what is styled “East Jefferson Waterworks District No. 1,” comprising the territory of wards 7, 8, and 9 of said parish. The district was created under the authority of Act No. 343 of 1926. Three commissioners were appointed by the police jury, and two were appointed by the Governor, as provided in the statute.
 

 An election was ordered, and was held on the 9th of July, for the purpose of authorizing said district to incur debt and to issue bonds for $1,250,000, to run for a period of 30 years, for the purpose of constructing and maintaining a waterworks system in and for said district, and in purchasing the existing waterworks systems or plans in said district, title to which shall be in the public.
 

 At the said election 483 votes, with an assessed valuation of property amounting to $1,032,925.12, were cast in favor of the proposition, and 60 votes, with an assessed valuation of property $153,929, were cast against said proposition.
 

 The result was duly promulgated on July 10, 1929.
 

 The object of the two consolidated suits is to prevent by injunction the issuance of the bonds voted, and to have all the proceedings creating and organizing the waterworks district declared to be illegal, null, and void.
 

 It is alleged that Act No. 343 of the legislative session of 1926 is illegal and without effect, because of the proviso that it should not take effect, unless the resolution, being Act No. 51 of the same session, and being a proposed constitutional amendment, was adopted.
 

 The resolution referred to (Act No. 51 of 1926) was adopted at the November election of 1926.
 

 It proposed to amend subsection (a) of section 14, article 14, of the Constitution, so as to read as follows:
 

 “Municipal corporations, parishes and school, road, subroad, sewerage, drainage, subdrainage (waterworks and subwater works) districts, hereinafter referred to as subdivisions of the state, may incur debt and issue negotiable bonds, when authorized by a vote of a majority in number and amount of the property taxpayers qualified to vote under the Constitution and laws of this state, who vote at an election held for that purpose,” etc. See page 2 of Amendments to Constitution in back part of Acts 1928.
 

 At the same session of the Legislature another resolution was passed, being Act No. 261, proposing an amendment to subsection (a), section 14, article 14, of the Constitution, which reads as follows:
 

 “Municipal corporations, parishes and schools, road, subroad, sewerage, drainage and subdrainage districts, and irrigation districts, hereinafter referred to as subdivisions of the state, may incur debt,” etc. See page 8 of Amendments to Constitution in back part of Acts 1928.
 

 It will be observed that in the first proposed amendment the authority to incur debt and to issue bonds was conferred upon waterworks and subwaterworks districts, but no such power was conferred upon irrigation districts.
 

 Whereas in the second proposed amendment the power to incur debt and to issue bonds was conferred upon irrigation districts, but waterworks districts were omitted from the enumeration of subdivisions upon which such authority was conferred.
 

 It will also be observed that neither thé original section and article of the Constitu
 
 *463
 
 tion nor the first and second amendments thereto adopted in 1926 in express terms authorize the creation of waterworks districts or irrigation districts.
 

 The authority to create such districts must therefore be implied from the authority conferred upon such districts to incur debt and to issue bonds in the manner as directed.
 

 Assuming such to be true, it is contended on behalf of the plaintiffs that the second amendment, being the last expression of legislative will, and being a re-enactment of subsection (a) of section 14, article 14, must prevail over the first proposed amendment, and that, as Act No. 343 depended on the adoption of the first proposed amendment, it necessarily became inoperative when that proposal was destroyed.
 

 Wherefore it is argued that there is no constitutional or legislative authority vested in the police juries for the creation of waterworks districts as subdivisions of the state.
 

 The position would be sound, if as a legal proposition the second, amendment could be regarded as a substitution for subsection (a) and was intended to cover the entire matter of said subsection.
 

 We say this because of the proviso in Act No. 343 making the act depend upon the adoption of Act No. 61 of the same session. If that proposed amendment failed, then there was no legislative authority for the creation of waterworks districts by the police jury.
 

 We do not mean to say that the Legislature could not have authorized the police juries to create waterworks districts without constitutional authority, since the authority of the Legislature is supreme, except where restrained by the state or federal Constitutions.
 

 But Act No. 343 did not confer such authority on the police' juries without reservation, but conferred it only in the event the first amendment was adopted and became effective.
 

 We are not seriously impressed, however, with the contention that the second proposed amendment repealed by implication or destroyed the first proposed amendment because of the fact that it was the latest expression of the legislative will.
 

 This would not be true, even if the two resolutions were regarded as matters of legislation. Under section 27, article 3 of the Constitution of 1921, all laws take effect at 12 o’clock noon on the twentieth day after the adjournment of the Legislature. There can be, therefore, no legal priority of one law over another passed at the same session.
 

 But, be that as it may, the doctrine of “last expression of legislative will,” does not apply to constitutional amendments. The Legislature is only authorized to submit proposals of amendment to the Constitution to the electorate for ratification, and until so ratified such proposed amendments can have no legal effect whatever. There is no reason in law, therefore, for saying that a. second proposed amendment repealed, destroyed, or rendered ineffective a prior amendment proposed at the same session and adopted at the same election. If two such proposals are so incongruous and so plainly repugnant to each other as to make it impossible to harmonize and render both of them effective, then both must be considered as not adopted.
 

 That is not the case here. There is no such conflict between the two amendments as would require the court to declare both of them inoperative, nor to declare that the second one destroyed or superseded the first.
 

 Being upon the same subject-matter, they must be construed together, and, when so construed, they both become effective, thereby authorizing the creation of waterworks as well as irrigation districts.
 

 It is not to be presumed that in adopting the second proposed amendment the Legisla
 
 *465
 
 ture, by omitting waterworks, intended to withdraw the authority granted to create such districts by the first amendment. On the contrary, it is more reasonable to assume that waterworks was either unintentionally omitted, or that it was taken for granted that authority to create waterworks had been granted in the first amendment, and that it was unnecessary to repeat the authority in the second.
 

 This last conclusion is rendered the more reasonable when we consider the title, or rather the preamble of the second proposed amendment, which reads as follows:
 

 “Joint resolution, proposing an amendment to subsection (a) * * * of section 14, article 14, of the Constitution of the state of Louisiana, so as to permit the formation of irrigation districts and to limit the indebtedness,” etc. See Act No. 261 of 1926 and page 8 of Amendments ‘to Constitution in back part of Acts 1928.
 

 Our conclusion is that the second amendment did not destroy the first, and from which it follows that Act No. 343 .of 1926 is not unconstitutional on the ground alleged.
 

 The next ground of attack is that the statute violates the autonomy granted to municipalities by the Constitution. There are two municipalities within said district, Harahan and Kenner, and both by a very large vote in numbers and amount joined in the authorization to incur the debt and to issue bonds for. constructing and maintaining a waterworks system for the district as created. They thereby surrendered or waived any independent autonomy they possessed with reference to the subject-matter at issue.
 

 However, we do not understand that a constitutional amendment, regularly submitted and adopted, cannot withdraw a privilege granted by the organic law itself to a municipal corporation.
 

 Another contention is that seven-eighths of the lands in said district are vacant lands, and will receive no benefit from the installation of a waterworks system, and that a bond issue of $2,000,000 would not be sufficient to install a system of waterworks which would reach the various sections of the district: that under such circumstances the levying of taxes upon said lands is the taking of property without due process of law.
 

 It is admitted that the bond issue proposed will take care of 36 per cent, of the area to be taxed, and that this includes all of the developed and improved area of the district; that the district comprises about 30,000 acres.
 

 It is shown that the plaintiffs own lots and improvements in the developed part of the district, and do not own any of the vacant or unimproved lands. They are, therefore, without interest to urge that the vacant lands will receive no benefit. Each of the plaintiffs will share in whatever benefits any of the citizens of the district receive from the inauguration of a system of waterworks.
 

 The complaint that the act is unconstitutional, because it conferred upon the district authority to purchase or expropriate an already existent waterworks system, is without merit. If the Legislature had the authority to create the district, as we have held, it had the authority to authorize said district to purchase, as well as to construct a waterworks system.
 

 It so happens that the town of Kenner has a waterworks system, which only supplies water from the Mississippi river. It has no filtration plant. The town voted in favor of the waterworks district and the bond issue by a vote of 89 to 3.
 

 The plaintiffs do not reside in Kenner, nor do they own any property in said town.
 

 As outsiders, the plaintiffs, therefore, have no reason or interest to complain, if the eiti-
 
 *467
 
 zens of Kenner are willing to surrender their inadequate and imperfect system of waterworks for a more perfect and complete system, to be established by the district as created.
 

 In the petition of 0. A. Buchler it is alleged that the procedure in article 21 of the Constitution of 1921 was not followed, either in the adoption of Act No. 51 of 1926, nor the election subsequently held to ratify same, and therefore the proposed amendment of section 14, paragraph (a) of article 14 was not in fact legally adopted and does not form a part of the Constitution.
 

 It is not alleged wherein the proposed amendment was not legally submitted and not legally adopted, but if it is meant that amendments to the resolution in one house were not concurred in by a two-thirds vote in the other house, then it suffices to say that the so-called amendments were of no serious importance, and did not affect the substance of the resolution proposing the amendment. Board of Liquidation v. Whitney-Central Bank (No. 29800 on the docket of this court), 168 La. 560, 122 So. 850.
 

 It is also alleged that the procedure provided in sections 24, 25, and 26, article 3, of the Constitution of 1921 was not followed in the passage of Act No. 343 of 1926.
 

 Here again we are left to conjecture as to wherein the act was not legally adopted and in the manner required by the Constitution.
 

 We must decline the task of comparing the journal of the House and of the Senate with the numerous requirements set out in the three sections of the Constitution referred to, for the purpose of ascertaining wherein such requirements were not followed.
 

 In the absence of any suggestion of any fatal irregularities or the nonobservance of any essential requirement in the passage of said act, the court must necessarily assume that it was legally adopted.
 

 The judgment of the court' below rejected the demands of the plaintiffs in the two suits. That judgment is correct, and is affirmed, at appellant’s cost.
 

 O’NIEiLL, C. J., dissents.