LOTTINGER, Judge.
This matter is before us on a petition for Writs of Certiorari, Prohibition and Mandamus by Greater Tangipahoa Utility Company.
The relator herein, Greater Tangipahoa Utility Company, is the holder of a franchise from the Tangipahoa Parish Police Jury for the furnishing of water and sewerage to the College Town Subdivision. Recently the City of Hammond annexed this area and now intends to construct a duplicate water and sewerage system in violation of petitioner’s franchise right. The petitioner, relator herein, seeks to enjoin the City. Petitioner prayed for and obtained a temporary restraining order which restraining order was extended until the rule for preliminary injunction could be heard on March 12, 1971. On or about March 9, 1971, defendant, City of Hammond, filed a peremptory exception urging no cause of action, no right of action and res judicata. A trial of these exceptions was held on March 12, 1971, at the conclusion of which trial the Trial Judge rendered judgment overruling the peremptory exception urging no right of action, but sustaining the peremptory exception urging no cause of action and res judicata, and dismissed plaintiff’s suit. Plaintiff petitioned for a suspensive appeal on March 17, 1971, the day the judgment was signed, which suspensive appeal was denied. After notice of intention to apply for writs the Trial Court refused to stay execution of its judgment. Petitioner perfected a de-volutive appeal. Petitioner seeks our supervisory jurisdiction to stay the execution of the Trial Court’s judgment until this matter can be reviewed on appeal.
Without getting into the merits of the case, the supervisory power of the Court of Appeal is plenary, Louisiana Constitution, see Art. 7 § 29, and its use is completely discretionary with this Court. It is our opinion that the Court should exercise its power in this case because a de-volutive appeal does not, in the circumstances of this case, serve as an adequate remedy by which the complaining party can obtain review of the Trial Court’s action.
Justice Tate of the Louisiana Supreme Court stated in 28 Tulane Law Review 429 at 444 that the supervisory writ may issue “simply on a prima facie showing of the inadequacy of the ordinary appellate relief. Sometimes, in the latter type of situation, supervisory relief is given only to preserve the factual status quo until the appeal by ordinary process can be heard.”
Petitioner in his suit attempted to enjoin the City of Hammond from constructing a water and sewer system, which construction without prior determination of public necessity and prior payment of compensation for taking of private property is allegedly illegal.
The Louisiana Constitution in Art. 1, section 2, provides that private property cannot be taken except for public purposes and only after just and adequate compensation. By attempting to enjoin the City of Hammond, the petitioner has attempted to halt the City from proceeding without first complying with the law. Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964), al *412 lows the enjoining of public officials who proceed without complying with the law.
Petitioner’s remedy by devolutive appeal is inadequate because if no stay order is granted by this Court, the City will proceed with the construction of the sewerage and water project and petitioner’s rights under the Constitution guaranteeing prior compensation before the taking of private property, will have been violated, which rights are clearly expressed by the law, and which Constitutional rights should not be compromised by the payment of damages.
The “sole franchise” which petitioner allegedly holds is a valuable property right which cannot be impaired or expropriated without the prior payment of just compensation. Louisiana Gas Service Co. v. St. Tammany Gas Dist., La.App., 189 So.2d 304. The construction of a parallel system would certainly impair the valuable franchise.
While the judgment of the Trial Court sustaining the exception of no cause of action is pending on appeal, its effect will be to allow the City to proceed with the impairment in fact, and also to proceed without following the clear dictates of the La. Constitution. To prevent this very probable violation, it should not be permitted conditioned only on the later payment of damages and compensation should the petitioner’s right to them be later established.
Upon the application of relator for writs in this matter on March 25, 1971, we issued an alternative writ of mandamus commanding the Honorable Grover L. Coving-ton, Judge of said Court, to extend the restraining order heretofore issued herein on January 29, 1971, for the purpose of preserving the status quo until this matter could be disposed of on appeal or, in the alternative, said Judge and the respondent, City of Hammond, to show cause in this Court, by briefs, on or before April 16, 1971, why this writ should not be made peremptory. The said Judge elected the alternative and refused to extend the restraining order to preserve the status quo, so therefore, for the reasons given herein, the writ issued herein on March 25, 1971, is hereby made peremptory.