FRED BOHL and Another, Plaintiffs, *v.* THE CITY OF SCHENECTADY and Others, Defendants.

Supreme Court, Schenectady County, March 5, 1927.

Corporations — transportation corporations — motor bus corporation — action to restrain mayor and commissioner of public safety of city of Schenectady from interfering with plaintiffs' operation of motor bus line within city — plaintiffs' assignor obtained permit to operate bus line in said city — common council, without notice, and without hearing, adopted ordinance revoking prior ordinance which authorized operation of plaintiffs' bus line — plaintiffs became invested with property rights in franchise granted their assignor, of which they cannot be deprived without due process of law — interest of plaintiffs' assignor in franchise was assignable where ordinance did not prohibit assignment — revocation of ordinance without notice to plaintiffs was illegal — city had right, under Transportation Corporations Law of 1909, § 26, to begin action to rescind franchise for failure to comply with its conditions — injunction will not be vacated where its continuance will work no injury to parties.

This is an action, in which a temporary injunction has been issued, to restrain the mayor and the commissioner of public safety of the city of Schenectady from interfering with plaintiffs' operation of a motor bus line within that city. Plaintiffs' assignor obtained a permit from the city to operate a bus line upon the adoption of an ordinance by the Schenectady common council, but said assignor thereafter assigned to plaintiffs his certificate of convenience and necessity, which had been issued by the Public Service Commission, with the authority of the Commission and upon notice to the city. Approximately

two months after plaintiffs took over the service of the bus line, the common council, without notice to plaintiffs, and without opportunity of being heard, adopted an ordinance, the provisions of which revoked the prior ordinance under which the bus line was being operated, notwithstanding the fact that the plaintiffs and their assignor had complied with virtually all the provisions of the ordinance permitting the operation of the bus line.

The plaintiffs, having become invested with property rights in the franchise granted or assigned, by reason of their large expenditures of moneys made in reliance thereon, cannot be deprived of the franchise without due process of law.

In the absence of any provision in the ordinance prohibiting plaintiffs' assignor from assigning his interests therein to the plaintiffs, the city cannot be heard to say that the transfer to the plaintiffs was unauthorized, and that the consent of the city was essential to the validity of such transfer, since the city had notice of the proposed hearing before the Public Service Commission upon an application which would authorize plaintiffs' assignor to assign his certificate of convenience and necessity, theretofore issued to him, to the plaintiffs. Moreover, the city cannot now claim that the ordinance, under which the bus line service operated, has been violated by the operation of buses over streets other than those specified, where it appears that the operation of said buses must have been with knowledge on the part of the city and its officers, particularly where the alleged infraction was for a period of more than two years.

Accordingly, the revocation of the ordinance, which did not include the power to summarily revoke it without a judicial determination' of the breach of its condition, and without notice to plaintiffs, was illegal, and because a continuance of the temporary injunction heretofore granted will work no injury to the parties, but merely maintain the *status quo,* said injunction will not be vacated.

The city had the right, under section 26 of the Transportation Corporations Law of 1909, to begin an action to rescind the franchise for plaintiffs' failure to comply with its conditions, for the failure of plaintiffs to comply with the conditions imposed is peculiarly under the care of the municipality; the right to maintain such an action is not limited to the State.

APPLICATION upon the return of an order to show cause why a temporary injunction should not be continued *pendente lite.*

Gilbert V. Schenck [Michael D. Reilly of counsel], for the plaintiffs.

James C. Cooper, Corporation Counsel, for the defendants.

HEFFERNAN, J.    The plaintiffs have brought this action against the defendant city, its mayor and commissioner of public safety, to restrain them from interfering with plaintiffs' operation of motor buses within the city of Schenectady and to perpetually enjoin them from enforcing the provisions of an ordinance adopted by the city's common council on January 4, 1927, which, in effect, repealed a former ordinance of the same body passed on May 21, 1923.    The plaintiffs secured from a justice of this court a temporary injunction and this application is upon the return of the order to show cause why it should not be continued *pendente lite.*

On the 21st of May, 1923, the common council of the defendant city, with the approval of the mayor, adopted an ordinance granting to one Coons permission to operate a bus line over certain streets

therein specified. This ordinance contained certain restrictions relative to carrying local passengers and recited that it was enacted subject to the provisions of any city ordinance then in force, to the provisions of the Railroad Law and the Transportation Corporations Law requiring a certificate of convenience and necessity. By its terms it was mandatory on the part of Coons to deliver to the commissioner of public safety certain data relative to the ownership and description of the automobiles to be used in the operation of the bus line and he was also directed to deliver to that official a bond or undertaking providing adequate security with reference to the operation of such automobiles and for the payment of any damages occurring to, or judgments recoverable by, any person on account of such operation, or, in lieu of such bond or undertaking, a policy of insurance acceptable to such commissioner. There was also incorporated in this ordinance the following provision: " This permission may at any time be revoked or suspended by this Council by the failure of the said applicant to comply with the provisions of this ordinance, or for any other good reason, by mailing a notice to that effect to said petitioner at the address set forth in the data given to the Commissioner of Public Safety."

On June 25, 1924, after a public hearing of which the defendant city had notice, the Public Service Commission granted to Coons a certificate of public convenience and necessity for the operation of the bus line over the streets mentioned in the ordinance. Thereupon Coons filed with the State Tax Department a policy of insurance in accordance with the provisions of section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1924, chaps. 360 and 413). Immediately thereafter he commenced the operation and continued the same until the month of October, 1926. On October 6, 1926, after a public hearing of which the defendant city also had notice, the Public Service Commission issued an order authorizing Coons to assign the certificate of convenience and necessity theretofore issued to him to the plaintiffs, and on October eighteenth the assignment was accordingly made, together with the good will of the business for a consideration of $5,500. After securing adequate liability insurance and after considerable expenditures for additional motor buses and land, plaintiffs continued the service.

On December 7, 1926, the common council of the city, without notice and without a hearing, adopted an ordinance rescinding and repealing the former ordinance which authorized the operation of the bus line. This latter ordinance was vetoed by the defendant

55

mayor, but on January 4, 1927, was passed over such veto. The common council, at the same meeting, adopted a resolution instructing the commissioner of public safety to prevent the plaintiffs from operating their bus line in the city.

On January 7, 1927, the plaintiffs filed with the defendant commissioner liability insurance covering personal and property damage and notified him that the statutory policy required by the Highway Law had already been filed with the State Tax Department. On the same day they communicated to him the information which, by the terms of the franchise, Coons was required to supply. The defendant commissioner thereupon notified the plaintiffs that they would not be permitted to operate buses within the city of Schenectady on and after January 10, 1927. Upon receipt of such notice this action was instituted.

In their answer the defendants assert that Coons and the plaintiffs have forfeited all rights under the ordinance of May 21, 1923, because of their omission to file with the commissioner of public safety the data regarding the automobiles and the undertaking therein referred to; they allege that the buses have traveled over streets other than those specified in the ordinance; that the transfer of the franchise from Coons to the plaintiffs was unauthorized and that the consent of the defendant city was essential to the validity of such transfer and that under the provisions of section 26 of the Transportation Corporations Law (added by Laws of 1915, chap. 667, as amd. by Laws of 1919, chap. 307)* the filing of the bond mentioned in the ordinance was a condition precedent to the life of the franchise.

The proof on behalf of the plaintiffs on this motion is to the effect that they, and their predecessor Coons, complied with all provisions of the ordinance, except that in certain instances the buses were operated over streets other than those specified, but that this was done by direction of the police officers of the defendant city.

A franchise is a grant under authority of government conferring special right to do an act or a series of acts of public concern which, when accepted and exercised, becomes an irrevocable contract. (*Trustees of Southhampton* v. *Jessup,* 162 N. Y. 122; *California* v. *Pacific R. R. Co.,* 127 U. S. 1.) It is now too firmly established to admit of question or dispute that a municipal ordinance, whether it be called a franchise or a permit, granting the right to use the streets is more than a mere revocable license. The right which is acquired under such a grant has all the attributes of property

---

* Section 26 of the Transportation Corporations Law of 1909 is now section 66 by reason of the revision of said statute by Laws of 1926, chap. 762.— [REP.

and after it has been given and exercised, it cannot be revoked. It is a grant of a property right, assignable, taxable, alienable, an asset of credit value, subject to levy and sale under execution and to condemnation under the exercise of the power of eminent domain. (*People* v. *O'Brien,* 111 N. Y. 1; *City of Owensboro* v. *Cumberland Telephone & Telegraph Co.,* 230 U. S. 58; *Boise Water Co.* v. *Boise City,* Id. 84; *City of Louisville* v. *Cumberland Telephone Co.,* 224 id. 649.)

The grant of a right to use the streets is generally considered the grant of a vested right which the municipality cannot revoke after acceptance, except for failure to comply with the terms of the grant, or for other good cause, or where expressly authorized by statute. (28 Cyc. 890, 891.)

In this case the permit granted to Coons was exercised. Large expenditures were made in reliance thereon and consequently the plaintiffs have become invested with property rights therein of which they cannot be deprived without due process of law and without compensation. (*People* v. *O'Brien, supra; Lord* v. *Equitable Life Assur. Society,* 194 N. Y. 212; *People ex rel. City of New York* v. *N. Y. R. Co.,* 217 id. 310.) Conceding that at the time of the adoption of the ordinance the consent of the city was but a mere revocable license, it became irrevocable through the expenditure of money by Coons and by the plaintiffs. (*Greenwood Lake & Port Jervis R. R. Co.* v. *N. Y. & Greenwood Lake R. R. Co.,* 134 N. Y. 435.) In the very recent action of *Colonial Motor Coach Corp.* v. *City of Oswego* (126 Misc. 829), where the facts are somewhat similar, Mr. Justice EDGCOMB, in a very comprehensive opinion, discussed this subject so fully and cited so many cases to sustain his view that nothing further need be said on this feature of the case.

There is nothing in the ordinance which prohibited Coons from assigning his interest therein to the plaintiffs. It is the general rule that the interest of a party in such a permit as this may be assigned unless such assignment is forbidden by the instrument itself. The city had the right to incorporate a provision in this ordinance prohibiting its assignment so that neither personal representatives nor assignees could succeed to any rights in virtue of it or be bound by its obligations. It did not elect to do that. The right of alienation is an incident of property and consequently the right to make an assignment can be defeated only by a clear stipulation to that effect.

The charge that the ordinance has been violated by the operation of buses over streets other than those specified, even if true, it seems to me must have been with knowledge on the part of the

defendant city and its officers. The plaintiffs contend that whenever they did so, it was under police regulation. If the city permitted this infraction for a period of more than two years, its belated claim is not now entitled to much consideration.

At the time this ordinance was adopted there was no requirement for the filing of indemnity bonds and insurance policies except in cities of the first class. (Highway Law, § 282-b, added by Laws of 1922, chap. 612.) Coons obtained his certificate of convenience and necessity from the Public Service Commission on June 25, 1924, and in the interim the Highway Law had been amended to cover all highways and public streets in the State. (Laws of 1924, chap. 413.) Coons filed the policy required by the terms of this statute. He also asserts that he had previously exhibited to the commissioner of public safety sufficient liability insurance. The defendant city had notice of his application for the certificate of convenience and necessity; it had like notice of the application to transfer the same to the plaintiffs and it is quite significant that if the conditions were breached in this respect no protest was made by the municipal officers against the grant of the certificate or against its transfer. The corporation counsel now takes the position that these were all conditions precedent to the operation of the bus line. The ordinance does not, in terms, assume to make the conditions specified conditions precedent; neither does it contain an unqualified condition that it may be revoked at the pleasure of the municipality. It is vastly more than a bare license revocable without cause at the will of the city. By its provisions revocation is limited to "*failure of the said applicant [Coons] to comply with the provisions of this ordinance, or for any other good reason.*" The right reserved in this ordinance does not include the power to summarily revoke it without giving the plaintiffs an opportunity to their day in court and without a judicial determination of a breach of the conditions. The clause in question cannot be given that force or effect. Its violation does not *ipso facto* work a forfeiture without legal proceedings. The law does not look with favor on forfeitures. Failure of the plaintiffs to comply, within a reasonable time, with the conditions of the franchise undoubtedly would give to the city the right to treat the contract as terminated and to invoke the aid of a court of equity to enforce its rescission. It may very well be that the plaintiffs have a legal excuse for non-compliance, or that the municipality may have waived compliance, or that by acquiescence it may be estopped to claim a forfeiture. The questions involved are such that the defendants have no authority to determine them summarily. Upon these issues the plaintiffs have a right to be

heard and nothing short of a judicial determination can deprive them of their franchise or impair their rights therein. If the violations have occurred which the defendants allege, the courts are open to them for redress and they should, in executing the public trust confided to them, seek some legal or equitable remedy. (*Brooklyn Central R. R. Co.* v. *Brooklyn City R. R. Co.*, 32 Barb. 358; *Dusenberry* v. *N. Y., W. & C. Traction Co.*, 46 App. Div. 267; *Brooklyn City Railroad Co.* v. *Furey*, 4 Abb. Pr. [N. S.] 364; *Matter of Kings County Elevated R. R. Co.*, 105 N. Y. 97.) The revocation of the ordinance without notice to the plaintiffs and without an opportunity for a hearing was illegal. When a breach is of a condition subsequent, after the privilege becomes vested, the privilege or franchise cannot be revoked by an ordinance but only by a resort to the courts. (28 Cyc. 892.) The adoption of the repealing ordinance was an exercise of arbitrary discretion on the part of the common council and the resulting legislation is inherently unreasonable and oppressive and, therefore, inoperative and void.

I am not in accord with the contention of the plaintiffs' counsel, however, that the right of the parties under this franchise can only be determined in an action by the State. Theoretically, all franchises originate under authority of the legislative body of the State. Municipal authority is purely derivative and must flow from the legislative fountain. Under section 26 of the Transportation Corporations Law* the consent of the city is necessary to the creation of the privileges under the grant in question. Such a franchise does not have its entire legal basis in the fact that the State has conferred the privilege. The failure of plaintiffs to comply with conditions imposed is peculiarly under the care of the municipality and it seems to me that the right to maintain such an action is not limited to the State but that the city is entitled to institute a suit to declare the contract forfeited and rescinded for failure to comply with its conditions.

The court is not called upon to determine the merits of this controversy upon conflicting affidavits. It seems to me that the temporary injunction was properly issued. In granting such an injunction, courts of equity in no manner anticipate the ultimate determination of the questions involved. They merely recognize that a sufficient case has been presented for the preservation of the rights of the respective parties until a hearing upon the merits, without expressing, and, indeed, without having the means of forming, an opinion as to such rights. The object of such process is to preserve, as far as practicable, the subject-matter upon which

* Now § 66.— [REP.

the decree is to operate until the court shall be enabled to ascertain and adjudicate the rights of the parties. When its continuance will work no injury, as in this case, but will merely maintain the *status quo*, the injunction should not be dissolved. Having in mind the situation of the parties and the facts of this case, it seems to me that the exercise of a sound judicial discretion requires that this injunction should not be vacated.

Ordered accordingly.