LOTTINGER, Judge.
The Village of Albany filed a suit under the declaratory judgment act wherein they recited that on February 12, 1962, it has granted to one Andy Prokop, a franchise for the operation of a waterworks system within the Village of Albany, together with the right to use the alleys, streets and public roads within the village for a water distribution system, all as was more particularly set forth in Ordinance No. 50 of said Village. They alleged that thereafter the said Andy Prokop sold the waterworks franchise within the Village of Albany to the Greater Livingston Waterworks Company, without the consent of the Mayor and Board of *111 Aldermen. They alleged that the franchise held by the Greater Livingston Waterworks Company was not valid by reason of the fact that: A. the granting of the franchise was not submitted to the electors of the Village of Albany as required by R.S. 33:401(12) and (23) and also the opinion of the Attorney General of the State of Louisiana, 1952-1954, Page 153; and B. that irrespective of the fact that the ordinance did not contain a clause prohibiting the assignment of the franchise, R.S. 33:4433 and 4434 require the approval of the Mayor and the Board of Aldermen for the validity of such a transfer; and C. that following the purchase of the franchise from Andy Prokop, the defendant, Greater Livingston Waterworks Company has raised the water rates without permission of the Mayor and Board of Aldermen which would be a violation of the franchise, as the defendant purchaser would be bound by the rates charged by Prokop and agreed to by the Mayor and Board of Aldermen; and D. that under Section 4 of the ordinance said Andy Prokop agreed to abide by all ordinances of the Village of Albany, .and that the increase of rates is a violation of said agreement; and E. that the new rates attempted to be fixed by the defendant are unreasonable, arbitrary and are not based on any additional services or facilities rendered to the Albany consumers; and F. that the rate presently being collected by the defendant is illegal for the reason that same had not been approved by the Louisiana Public Service Commission and/or the Police Jury of Livingston Parish, as required by House Bill 222, approved July 7, 1962. The defendant filed an answer wherein it admitted its corporate status, that the franchise had originally been granted to Andy Prokop; that Prokop had sold the franchise to the Greater Livingston Waterworks Company without the consent of the Mayor and Board of Aider-men and further set forth that the said •consent was not necessary and went on to ■deny that the franchise held by Greater Livingston Waterworks Company was not valid.
The defendant subsequently amended its answer and answered each of the specific causes for invalidity set forth in the plaintiff’s petition.
After a trial on the merits, the Trial Judge rendered judgment in favor of the defendant dismissing the suit at plaintiffs costs. It is from this judgment that the plaintiff has devolutively appealed.
Counsel for appellant has cited no specific assignments of error, but argues that the reports of the Attorney General of the State of Louisiana for 1952-1954, Page 153, provide that a municipality organized under the Lawrason Act cannot enter into a contract with a private company to supply inhabitants with water until an election is held and a majority of the qualified electors approve such action. Counsel further argues that the Village of Albany is a municipality organized under the Lawrason Act, which he alleges is incorporated into the Revised Statutes as Title 33. He cites to us specifically R.S. 33:401, Section A(12) which provides in part that prior to the grant to any person of the use of the streets, alleys, etc. for the purpose of laying gas, water or other lines to be used in furnishing a municipality, “a majority of the property tax payers in the municipality voting at an election to be called for such purpose shall approve the proposed grant where such approval is required by law”. He also cites to us R.S. 33:401, Section A(23) which provides as follows, to-wit:
“A. The mayor and board of aldermen of every municipality shall have the care, management, and control of the municipality and its property and finances. They shall have power:
(23) To erect, purchase, maintain, operate, and regulate waterworks; to lease the same to any person; to prescribe the rate at which water is to be supplied to the inhabitants; to acquire by purchase, donation, or condemnation in the name of the municipality, suitable grounds within or without the corporate limits, upon which to erect water works, the right *112 of ways to and from such works, and also the right of way for laying water pipes within the corporate limits, and from such water works to the municipality, and to extend such rights from time to time; or to contract with any person for the erection and maintenance of water works, fixing water rates in the contract subject to municipal regulation. But a contract for the erection, purchase, lease, or maintenance of water works shall not be entered into for a longer term than twenty-five years nor until submitted to the vote of the qualified electors, and approved by a majority of them. The mayor and board of aldermen of every city and town owning, maintaining and operating either a municipal water works or electric light system or both may install, own, maintain and operate in connection with such system, an ice-making plant for the purpose of supplying its inhabitants with ice, and prescribe the rates at which ice is to be supplied to its inhabitants.”
Counsel then argues, and it is of course admitted by appellees, that the franchise in question was not approved by a vote of the electorate and that the Mayor and Board of Aldermen had never approved the transfer from Prolcop.
Counsel then cites to us R.S. 33:4433 as authority for the proposition that the transfer from Prolcop required approval from the Mayor and Board of Aldermen of the Village of Albany. This statute provides as follows:
“Any municipal corporation (the City of New Orleans excepted) may by ordinance authorize or assent to all transfers of franchises by the grantee and its successors and assigns, whether such transfers were of the whole or of a part of the franchise.”
Counsel argues that the franchise shows on its face that it was granted without any consideration, cash or otherwise being paid, and in substance argues a lack or failure of consideration on a grounds for the invalidity of the franchise. Appellee, in answering the argument of appellant, makes the observation that whereas R.S. 33:401A (12) requires a referendum only “where such approval is required by law”, that appellant has not cited in his brief nor is there in the law any statute requiring this referendum. Appellee then argues that R.S. 33:401A (23) never mentions a franchise but rather addresses itself to a contract. It is true that Mr. Prolcop was in fact granted the franchise, and did not enter into a contract with the appellant. We believe that a reading of R.S. 33 :401A (23) and a comparison of it with R.S. 33:401A(12) reveals that the two sections of the statute address themselves to entirely different subjects. R.S. 33:401A(12) concerns itself with the granting of a franchise to a private company, or to an individual person, by which they are enabled to supply water to the municipality’s inhabitants. R.S. 33:401A(23) concerns itself with a water system which is erected, purchased, maintained or operated by the municipality itself. In the first instance, there is no need for referendum approval of the franchise, since the system is not constructed, maintained or operated at the expense of the municipality and its taxpayers. In the second instance, since the system is constructed or purchased, maintained and operated at the expense of municipal taxpayers, the law requires approval by referendum of the taxpayers who will bear the expense and burden of this construction, purchase, maintenance and operation, as is required by the law in many other similar instances.
Counsel for appellees argues and we agree that there is no authority for requiring referendum approval of the granting of a franchise of the type granted to Mr. Prolcop by the Village of Albany. We believe that the appellees’ interpretation of the two sections of the statute set forth above is correct. No referendum is required under R.S. 33:401A(12) because the taxpayers are not concerned with the construction and operation of a system with tax dollars. Referendum is required under *113 R.S. 33:401A(23) because tax revenues are used to finance construction of a municipality owned or leased system. R.S. 33 :401A (23) provides for municipal rates regulation. The municipality, of course, can regulate rates on the system it owns or leases. There is no provision for municipal rate regulation under R.S. 33:401A(12) and this is for the obvious reason that, except for rare cases, where a municipal charter gives it power to compulsorily regulate utility rates, the Louisiana Public Service Commission has such regulatory powers over privately owned public utilities. See Louisiana Constitution, Article 6, Sections 4 and 7, Greater Livingston Water Company v. Louisiana Public Service Commission, 246 La. 273, 164 So.2d 325.
The legislative history of the present statute further supports appellees’ interpretation of the statute and offers an explanation of the reference to the referendum approval “where such approval is required by law” in R.S. 33:401A(12). The original delegation of power by the legislature to the Lawrason Act municipalities, which permitted them to grant the type of franchise which forms the basis of this suit, was made in Act No. 136 of 1898, Section 15, Paragraph 8, which provided:
“Section 15: be it enacted, etc., that the mayor and board of aldermen * * * and they shall have the power:
8 — to grant to any person or corporation a use of the streets, alleys and public grounds for the purpose of laying gas, water, sewer or steam pipes, or conduits for electric light, to be used in furnishing or supplying the municipality and inhabitants or any person or corporation, with gas, water, sewerage, steam or hot air for heating purposes, or light, but a franchise, right of way, or privilege of any character whatever, shall not be granted for a longer period than twenty-five years, and such privilege shall not be exclusive.”
Paragraphs 6 and 7 of- the same act provided that the municipality could grant franchises to use the streets for the erection of telegraph, telephone or electric light poles, and for the construction in passage of straight railways and railroads. There was no provision in paragraph 6, 7 or 8 that such grants be authorized by a vote of the taxpayers of the municipality. Wachsen v. Commission Counsel of Lake Charles, 162 La. 823, 111 So. 177, stated that Act 76 of 1914, (presently R.S. 33:-4403), which provided that there must be a majority vote of the property taxpayers to authorize the use of streets of any municipality having a population of under 75,000 by railroads or other corporations, necessarily repeals the 6th, 7th and 8th paragraphs of Section 15 of the Act, insofar as franchises are permitted to be granted without referendum vote. Now, however, Act 76 of 1914 has been superseded by Act 76 of 1928, Act 55 of 1928, and Act 13 of 1935 (E.S.) as to the granting of certain types of franchises in municipalities of certain populations. Hence, when Act 136 of 1898 was enacted and compiled in the Revised Statutes of 1950, a provision was added to each of these three paragraphs that “Prior to said grant, a majority of the property taxpayers in the municipality voting at an election to be called for such purpose shall approve the proposed grant where such approval is required by law.’’ (Emphasis supplied)
Paragraphs 6, 7 and 8 of Section 15, of Act 136 of 1898 was the source statute for paragraph 22, 11 and 12, respectively, in Louisiana Revised Statutes Title 33, Section 401A.
Paragraph 23 of Section 15 of Act 136 of 1898 was carried forward without change as R.S. 33:401A(23).
Thus the legislative history of the statute illustrates conclusively that R.S. 33:401A (23) cannot be construed to require referendum approval of a franchise granted under R.S. 33:401A(12) for the source statute, Act 136 of 1898, Section 15 Paragraph 8, clearly permitted the grant of water franchises without referendum of approval.
*114 Thus if referendum approval is ever required for a franchise granted under R.S. 33:401A(12), it is required by R.S. 33:4403, which provides as follows, to-wit :
“Municipalities having a population of less than 75,000 persons may grant corporations the right to use and occupy their streets and alleys and to obstruct them with buildings necessary to and used by the corporations, subject to any conditions and charges which the municipal governing body may deem fit.
Except as provided in R.S. 33:4401 and R.S. 33:4402, a majority of the property taxpayers of the municipality voting in an election called for the purpose shall first approve the proposed grant.”
Nowhere in his brief does appellant suggest that R.S. 33:4403 requires a referendum approval of a franchise granted under R.S. 33:401A(12). Our reading of the statute illustrates to us that it is not applicable to the present case as it specifically concerns itself with grants to corporations and the grant by appellant in this instance was to an individual. The statute also obviously is concerned with the use of and obstruction of streets. In substance, R.S. 33:4403 deals with a subj ect completely removed from that dealt with by R.S. 33 :401A (12). With reference to appellant’s argument that the Prokop franchise cannot be assigned without approval of appellant’s Mayor and Board of Aldermen, we see no requirement in the law that the appellant’s Mayor and Board of Aldermen consent to the assignment of the franchise; but even if such approval were required, appellant has, in our opinion, already given such approval when it granted the franchise in question by ordinance to “Andy Prokop, his heirs, successors, or assigns”. With this language, we believe that the appellant at the time of the granting of the original franchise surrendered any right which it might have had under the law to pass upon or consent to the propriety of any transfer or assignment of this franchise, particularly in view of the fact that the law of Louisiana does not contain any generic prohibition against assignment of a franchise to use the streets.
With reference to appellant’s argument that all franchises require the payment of a valuable consideration we believe that the consideration for the granting of a franchise of the type of the Prokop franchise, is clearly the benefit which the public will derive under use and exercise of the franchise. In the present case the franchise was granted with the obvious intent that Mr. Prokop, his successors or assigns, should construct and operate a water system to supply water to the inhabitants of the municipality. This was in fact done. We believe that this is ample consideration for the execution of the franchise. See 37 C.J.S. Franchises § 16, page 161.
The Trial Judge, in his written reasons for judgment, stated that the appellant in his brief had pointed only to a ruling of the Attorney General to the effect that a referendum was required prior to the granting of the franchise, and that at no time had he pointed out to him where such approval was required by law. The Trial Judge also found that R.S. 33 :401A(23) related to contracts, and not to franchises of the type granted to Prokop. With reference to the necessity for approval by the appellant of the assignment of the franchise, the Trial Judge found that R.S. 33 :4433 was permissive in nature in that it provided that the municipality “may” authorize or assent to all transfers of franchises by the grantee and its succors, and assigns.
The Trial Judge found, as we have held, that the furnishing of water by Mr. Prokop, his heirs, or assigns to the Town of Albany is sufficient consideration to the Village of Albany for the granting of the franchise.
Accordingly, the judgment of the District Court is hereby affirmed, appellant to pay all costs of these proceedings.
Judgment affirmed.