CARTER, Judge.
This is an appeal from a trial court judgment in two consolidated suits involving a franchise fee imposed on utility providers.
FACTS
In his written reasons for judgment, the trial judge set forth the relevant facts of the instant case as follows:
In December, 1989, defendant, St. Tammany Parish Police Jury, passed Ordinance PJS No. 89-1207, and amended it in June, 1990, by Ordinance PJS No. 90-1295. These ordinances imposed a two percent franchise fee on gross sales derived from the unincorporated areas of St. Tammany Parish by utility companies operating without a valid written franchise agreement, and utility companies operating with new and renewed franchises. These ordinances were allegedly passed to offset costs incurred by St. Tammany Parish to properly staff and operate the Division of Utility Regulation and Enforcement and other related Parish agencies.
In January, 1990, plaintiffs, Washington-St. Tammany Electric Cooperative, Inc. and Carolyn Penton, filed suit seeking a declaration by this Court setting forth the validity and effect of a resolution and right-of-way agreement passed by the St. Tammany Parish Police Jury on February 8, 1938, approved by the State Highway Engineer on August 26, 1938, and accepted by Washington-St. Tammany on March 14, 1938, particularly in view of the above ordinances imposing the two percent franchise fee. These plaintiffs further seek an order allowing the deposit into the registry of the Court all monies collected pursuant to the ordinances. It is noted by this Court that on January 15, 1991, Washington-St. Tammany made payment-under-protest of monies due under the franchise fee ordinance for the period November 15, 1990 through December 31, 1990. Alternatively, these plaintiffs ask that the Court *775 fix a reasonable administrative and collection fee to be retained by Washington-St. Tammany should the Court find that the ordinances apply to Washington-St. Tammany. By amended petition, these plaintiffs seek a declaration from this Court that these ordinances constitute an unconstitutional imposition of a tax without following the proper procedures for enactment. By second amended petition, these plaintiffs seek a declaration by this Court that Washington-St. Tammany is exempt under Section 7 of the franchise fee ordinances because it is an entity partially supported by tax dollars. These plaintiffs further seek to enjoin enforcement of the franchise fee ordinances.
In October, 1990, plaintiffs, Louisiana Power and Light Company and James R. Williams, filed a petition seeking a declaration from this Court that the franchise fee ordinances do not apply to Louisiana Power and Light, and therefore, Louisiana Power and Light is not subject to the franchise fee, and/or a declaration from this Court that, under Louisiana law, the St. Tammany Parish Police Jury does not have the power to enact a tax of the type imposed by the ordinances. These plaintiffs also seek to enjoin enforcement of the franchise fee ordinances during the pendency of these proceedings, or, alternatively, that the Court allow Louisiana Power and Light to make payment under protest. This Court notes that Louisiana Power and Light has now tendered monies due under the franchise fee ordinances for the period November 30, 1990 through December 31, 1990.
In November, 1990, the St. Tammany Parish Police Jury enacted Ordinance PJS No. 90-1368, to repeal Ordinance No. 66, adopted in 1941, and terminate the franchise purportedly granted to Louisiana Power and Light by this Ordinance No. 66, as well as ratify the termination of the franchise purportedly granted to Washington-St. Tammany.
By amended petition, filed November 27 [sic], 1990, Louisiana Power and Light obtained a temporary restraining order, enjoining the defendant from enforcing the franchise fee ordinances and Ordinance PJS No. 90-1368, and further enjoining the defendant from preventing Louisiana Power and Light’s use of payment-under-protest procedure. Louisiana Power and Light seeks a preliminary and permanent injunction in the form and substance of the temporary restraining order. Louisiana Power and Light further seeks a declaration from this Court that Ordinance No. 66 is a valid and legally enforceable grant of a franchise to it. Louisiana Power and Light also seeks a declaration that the franchise fee ordinances are unconstitutional, violative of its right to equal protection, and of no effect as to Louisiana Power and Light. Louisiana Power and Light also seeks a declaration by this Court that Ordinance PJS No. 90-1368 is arbitrary and capricious, serves insufficient notice of the St. Tammany Parish Police Jury’s desire to terminate Louisiana Power and Light’s franchise, violates Louisiana Power and Light’s contract rights, and has no effect whatsoever. Louisiana Power and Light also seeks damages sustained as a result of violation of St. Tammany Parish Police Jury’s obligation under the terms of the franchise to adopt ordinances necessary to protect Louisiana Power and Light’s property and rights.
On December 7, 1990, plaintiffs in these consolidated cases obtained judgment granting a preliminary injunction restraining defendant from enforcing Ordinance PJS No. 90-1368.
After trial, the trial court rendered judgment, in case number 90-10304, in favor of Washington-St. Tammany Electric Cooperative, Inc. (WSEC), and Carolyn T. Penton and against the defendant, St. Tammany Parish Police Jury, making the preliminary injunction previously issued permanent and permanently enjoining defendants from enforcing the provisions of St. Tammany Parish Ordinance Police Jury Series No. 90-1368 (Ordinance PJS No. 90-1368). WSEC’s request for injunctive relief with respect to St. Tammany Parish Ordinance Police Jury Series No. 89-1207 (Ordinance *776 PJS No. 89-1207),[1] as amended by St. Tammany Parish Ordinance Police Jury Series No. 90-1295 (Ordinance PJS No. 90-1295), was dismissed as moot. The resolution and right-of-way agreement, dated February 8, 1938, was declared a valid and legally enforceable grant to WSEC of a franchise to provide electric service within the unincorporated areas of St. Tammany Parish. Ordinance PJS No. 90-1368, dated November 15, 1990, ratifying the purported termination of WSEC’s franchise by letter, dated September 4, 1990, was declared null and void and unenforceable as to the franchise granted to WSEC on February 8, 1938. The trial court judgment further declared that WSEC had a valid, written franchise agreement within the meaning of Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, and that the charges sought to be imposed pursuant to Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, were inapplicable and unenforceable with respect to WSEC. WSEC’s request that Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, be declared unconstitutional and void ab initio was dismissed as moot as was WSEC’s request for the institution of a payment-under-protest procedure. St. Tammany Parish Police Jury was cast for all costs.
The trial court also rendered judgment, in case number 90-14586, in favor of Louisiana Power & Light Company (LP & L) and James R. Williams and against the defendants, St. Tammany Parish Police Jury, Allan Cartier, Cheryl S. Tanner, and Patrick J. Canulette, making the preliminary injunction previously issued permanent and permanently enjoining defendants from enforcing the provisions of Ordinance PJS No. 90-1368. LP & L’s request for injunctive relief with respect to Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, was dismissed as moot. St. Tammany Parish Ordinance No. 66, dated August 21, 1941, was declared a valid and legally enforceable grant to LP & L of a franchise to provide electric service within the unincorporated areas of St. Tammany Parish. Ordinance PJS No. 90-1368, dated November 15, 1990, was declared null and void and unenforceable as to the franchise granted to LP & L pursuant to St. Tammany Parish Ordinance No. 66, dated August 21, 1941. The trial court judgment further declared that LP & L had a valid, written franchise agreement within the meaning of Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, and that the charges sought to be imposed pursuant to Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, were inapplicable and unenforceable with respect to LP & L. LP & L’s request that Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, be declared unconstitutional and void ab initio was dismissed as moot as was LP & L’s request for the institution of a payment-under-protest procedure. LP & L’s claims for damages were dismissed. The St. Tammany Parish Police Jury was cast for all costs.
From these adverse judgments, St. Tammany Parish Police Jury appeals, assigning the following errors:[2]
1. The trial court erred by enjoining the St. Tammany Parish Police Jury from applying the termination ordinance to the plaintiff utilities.
2. The court erred in holding that the form of agreement held by LP & L and by W-St each constitutes a “valid written franchise” with the police jury.
3. The trial court erred in failing to reach the issue of the constitutionality of the franchise fee ordinance, and erred in failing to declare the franchise fee ordinance to be constitutional and applicable to the plaintiff utilities.
4. The trial court erred in failing to grant the defendants’ exception of no right of action as to the claims of each of the individual plaintiffs. The individual plaintiff/customers have no right of ■ ac *777 tion to challenge the franchise fee ordinance, because the fee is imposed only upon the utilities.
VALIDITY OF THE FRANCHISE AGREEMENTS
In resolving these issues, the trial judge, in his written reasons for judgment, stated:
Plaintiff Washington-St. Tammany relies on a 1938 resolution of the St. Tammany Parish Police Jury granting the Washington-St. Tammany Membership Corporation (now the Washington-St. Tammany Electric Cooperative, Inc.) “the right to erect, construct and maintain along the public highways of the State in the said Parish of St. Tammany lines, poles, conduits, etc., for the transmission of electric energy ...” under certain conditions. The State Highway Engineer approved, and Washington-St. Tammany accepted as evidenced by the language of the 1938 resolution.
Plaintiff Louisiana Power and Light relies on Ordinance No. 66, adopted August 21, 1941, granting to Louisiana Power and Light the franchise, right and privilege to supply electric current and energy to the Parish of St. Tammany, not within the limits of any incorporated city, town or village, under certain conditions.
Defendant argues that no franchises have been created. Defendant claims that the resolutions do not grant franchises but impart lesser rights in the nature of a license, privilege, permit or right-of-way. Defendant also claims that there is no consideration to support a franchise. Defendant further argues that where there is no stated term or duration, a franchise cannot exist.
A franchise has been defined as a special privilege conferred by government on an individual or corporation, and which does not belong to the citizens of the country generally of common right. Black’s Law Dictionary (4th ed. rev. 1968) However, not every privilege granted by a government is a franchise. A license is usually a personal privilege granted for the purpose of regulation, and is less extensive in duration and incidents than a franchise. 37 C.J.S. Franchises § 7. Black’s Law Dictionary and Corpus Juris Secundum, Vol. 37, Franchises, § 7, use the terms license and permit synonymously. A grant by government which is neither personal nor for a temporary purpose, but which clothes the grantee with rights and privileges not held by citizens generally, will be deemed a franchise and not a license. Id. An interest which by law has been invested with the attributes of property generally has been regarded as a franchise, not a mere license. Id. The right granted by a city to an electric utility for consideration to operate on city property has been termed a franchise and constitutes a valuable property right. Department of Highways of the State of Louisiana v. Southwestern Electric Power Company, 145 So.2d 312 (La.1962); Town of Coushatta v. Valley Electric Membership Corporation, 139 So.2d 822 (La.App. 2d Cir.1962).
The record establishes that the resolutions in question grant extensive rights to these plaintiffs, allowing acts on the parish rights-of-way necessary to facilitate the manufacture, transmission and distribution of electricity to the residents of St. Tammany Parish. The resolutions do not indicate that electricity was to be supplied by the plaintiffs on a temporary basis. The improvements constructed by the plaintiffs are permanent in nature. The major expenditures necessary to construct and maintain these improvements envision more than a temporary grant of rights. Therefore, this Court finds that the 1938 and 1941 resolutions granted rights more in the nature of a franchise rather than a license, privilege, permit or right-of-way.
Addressing the issue of consideration, the primary object of all grants of franchise is to benefit the public, not to procure revenue. 37 C.J.S. Franchises § 3. The public benefit derived under the use and exercise of a utility franchise is ample consideration for the execution of the franchise. Village of Albany v. Greater Livingston Waterworks Company, 193 *778 So.2d 110 (La.App. 1st Cir.1966). The-St. Tammany Parish Police Jury recognized in its 1938 resolution that “... it is greatly to the interest of the citizens of St. Tammany Parish, Louisiana, for this Corporation to be able to extend its lines throughout this Parish and thereby serve the citizens of this Parish with Electricity; ... ”. The St. Tammany Parish Police Jury in its 1941 Ordinance No. 66, Section 4, states that the public health and welfare and the public necessity require that this Ordinance take effect. This Court finds defendant’s argument of lack of consideration has no merit.
Defendant also argues that the grants of rights are not franchises because there is no stated term or duration. The record establishes that no specific duration was set forth by the resolutions. Louisiana Constitution, Article XII, § 12, prohibits the granting of perpetual franchises. Where there is no time limitation in a franchise agreement, the duration of the grant has been found to be indefinite, and the franchise to continue only as long as both parties consent. Cassidy v. Ohio Public Service Co., [78 Ohio App. 221,] 69 N.E.2d 648 (Ohio App.1946). Therefore, the defendant's argument regarding lack of specified duration is invalid.
At the time these resolutions were enacted, defendant had the authority to grant franchises for the construction, maintenance and operation of lines for the transmission of electricity. Louisiana Revised Statute 33:4361(1). Since Washington-St. Tammany accepted the franchise within the terms of the 1938 resolution, their franchise became effec-. tive. The record establishes that Louisiana Power and Light’s actions in erecting and maintaining electric facilities pursuant to this grant of rights by the St. Tammany Parish Police Jury signify the acceptance necessary to make their franchise effective.
Therefore, the record establishes and this Court finds that the St. Tammany Parish Police Jury granted a valid written franchise to the plaintiff, Washington-St. Tammany, by its 1938 resolution. Likewise, this Court is of the opinion that plaintiff Louisiana Power and Light was granted a valid written franchise by the St. Tammany Parish Police Jury 1941 Ordinance No. 66.
We have carefully reviewed the entire record in this matter and find that the trial judge correctly determined that, by a 1938 resolution, the St. Tammany Parish Police Jury granted a valid written franchise to WSEC, and that, pursuant to the 1941 St. Tammany Parish Police Jury Ordinance No. 66, LP & L was granted a valid, written franchise by the St. Tammany Parish Police Jury.
TERMINATION OF THE FRANCHISE AGREEMENTS
Having determined that LP & L and WSEC had valid, written franchise agreements to operate within the Parish of St. Tammany, we must determine whether the St. Tammany Parish Police Jury validly terminated those agreements. The trial judge, in his written reasons for judgment, noted:
By letter dated September 4, 1990, Allan Cartier, Parish Manager, and Floyd Glass, President of the St. Tammany Parish Police Jury, advised plaintiff Washington-St. Tammany that the St. Tammany Parish Police Jury was terminating the franchise agreement between these parties effective at midnight, September 30, 1990. Similarly, by letter dated October 15, 1990, Cartier and Glass informed Louisiana Power and Light that an ordinance would be introduced to repeal 1941 Ordinance No. 66, and terminate the franchise granted to Louisiana Power and Light, effective at midnight, November 30, 1990. Subsequently, by passage of Ordinance PJS No. 90-1368 on November 15, 1990, defendant repealed 1941 Ordinance No. 66, terminating Louisiana Power and Light’s franchise effective as of November 30, 1990, and ratified the notice of termination given to Washington-St. Tammany by Cartier and Glass.
Grant of a franchise, when accepted and acted on by the grantee, creates a contract. New York Electric Lines *779 Company v. Empire City Subway Company, 235 U.S. 179 [, 35 S.Ct. 72, 59 L.Ed. 184] (1914); Bohl v. City of Schenectady, [128 Misc. 863,] 220 N.Y.S. 349 (Sup.Ct.1927); Kansas City Power and Light Company v. Town of Carrollton, [346 Mo. 802,] 142 S.W.2d 849 (Mo.1940). A contract of indeterminate term, such as the franchises involved here, may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party. Louisiana Civil Code, Article 2024.
Because the instant franchises granted by the St. Tammany Parish Police Jury to LP & L and WSEC did not contain a specific term, they were for an indefinite period. As such, they could be terminated at the option of either party by giving reasonable notice to the other party. What constitutes reasonableness must be determined in light of the facts and circumstances of the particular case. See Caston v. Woman’s Hospital Foundation, Inc., 262 So.2d 62, 65 (La.App. 1st Cir.), writ refused, 262 La. 1087, 266 So.2d 220 (1972).
Upon the termination of such contracts, the right of the franchisee terminates and the franchisee can be required to cease service and remove its facilities. See Valley Electric Membership Corporation v. Southwestern Electric Power Company, 550 So.2d 702, 707 (La.App. 2nd Cir.), writs denied, 551 So.2d 1341, 551 So.2d 1342 (La.1989).[3]
In addressing the form of such notice, the trial court, in its written reasons for judgment, stated:
The record establishes that the communications to the plaintiff utilities by individuals acting on the defendant’s behalf terminating their franchises were authorized and ratified by the St. Tammany Parish Police Jury. Therefore, this Court is of the opinion that the form of notice utilized by the defendant was proper.
With regard to the timing of such notice, the trial judge found that the notice given to LP & L and WSEC in the instant case was not reasonable. In addressing the timing of such notice, the trial court in its written reasons for judgment stated:
The record establishes and this Court finds that the 26-day notice of franchise termination provided to Washington-St. Tammany [WSEC], and the 45-day notice of franchise termination provided to Louisiana Power and Light [LP & L], constitute notice unreasonable as to time under Louisiana Civil Code, Article 2024.... The record establishes that the brief time periods in which the defendant attempted termination are grossly inadequate under the facts and circumstances of this case, and totally unsupported by the evidence presented.
What would constitute reasonable notice? Among the many factors which must be considered in determining the length of time adequate to satisfy the reasonable notice requirement are the time period required for the utility to negotiate and confect a new franchise with the governing body....
In the instant case, we find, as did the trial judge, that the notices given to WSEC and LP & L were not reasonable with regard to time. The utilities have been oper *780 ating in the unincorporated areas of St. Tammany Parish for more than fifty years. Each have extensive capital investments in the parish. The time required to renegotiate a new franchise agreement with the police jury, to cease their operations if a new contract cannot be renegotiated, and to remove their facilities from the parish greatly exceeds the 26-day and 45-day notices given to WSEC and LP & L, respectively.
Having determined that the notices to terminate the franchises in the instant case were unreasonable, we find, as did the trial judge, that the franchises held by WSEC and LP & L, until properly terminated, remain valid. As such, Ordinance PJS No. 89-1207, as amended by Ordinance PJS No. 90-1295, does not apply to WSEC or LP & L because they are not “... utility companies currently operating in the Parish without a valid, written franchise agreement. ...” Therefore, WSEC and LP & L are entitled to a permanent injunction, enjoining the enforcement of Ordinance PJS No. 90-1368 until such time as the franchises to these utility companies have been validly terminated.
Because of our determination on the issues of the validity of the franchise agreements and the terminations of those franchise agreements, we find it unnecessary to address the other issues raised on appeal.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $1,143.00 are to be borne by the St. Tammany Parish Police Jury.
AFFIRMED.

. In various places throughout the trial court judgment, there appears to be a typographical error wherein St. Tammany Parish Ordinance Police Jury Series No. 89-1207 is referred to as 89-1205.

. Although we will not address each error assigned individually, the opinion adequately disposes of all issues raised on appeal.

. In the instant case, in its written reasons for judgment, the trial court recognized that ownership of franchises of public utilities is a valuable property right. The trial court stated that “[u]n-der fundamental guarantees, this right cannot be taken or damaged except for public purposes and after just and adequate compensation is paid,” citing Department of Highways v. Southwestern Electric Power Company, 243 La. 564, 145 So.2d 312 (1962) and Louisiana Gas Service Company v. St. Tammany Gas Utility District No. 1, 189 So.2d 304 (La.App. 1st Cir.1965). However, we note that in Louisiana Gas Service Company v. St. Tammany Gas Utility District No. 1, the municipality attempted to enjoin the plaintiff utility company, which was operating under a franchise, from operating within the geographic confines of the newly created utility service district. In dissolving the injunction granted by the trial court, the court noted that the ownership of franchises of public utilities is a valuable property right and, although a municipality can expropriate a utility system under franchise, the utility system must be paid adequate compensation for the taking. Department of Highways v. Southwestern Electric Power Company involved the relocation of certain utility lines by the highway department and did not involve questions of the termination of franchise agreements.