934 So.2d 166 (2006)
Randall M. HARRISON
v.
CD CONSULTING, INC.
No. 2005 CA 1087.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
*168 Marvin E. Owen, Baton Rouge, for Plaintiff/Appellee, Randall M. Harrison.
Christine S. Goldberg, Stephen P. Strohschein, Baton Rouge, for Defendant/Appellee, C.D. Consulting, Inc.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
CARTER, C.J.
An employer appeals a summary judgment dismissing its reconventional demand and awarding its former employee unpaid wages, penalty wages, and attorney fees. For the reasons that follow, we amend the judgment, and affirm as amended.

FACTUAL AND PROCEDURAL HISTORY
In August 2003, Randall Harrison was hired by CD Consulting, Inc., (CDCI) to work as an instrumentation and controls engineer on a project in Abu Dhabi, United Arab Emirates, for CDCI's foreign client, Taisei. In accepting the employment, Harrison signed an agreement setting forth various terms, including the amount of his wages and his work schedule. This employment agreement was for an indefinite term and made no reference to any notice requirements should Harrison decide to resign.
Following his supervisor's return to the United States (U.S.), Harrison was the only CDCI employee working in Abu Dhabi. In early December 2003, Taisei employees began approaching Harrison and demanding that he turn over "for safekeeping" the airline ticket previously provided to him for his return passage to the U.S. Harrison repeatedly refused. Eventually, a Taisei employee he had never seen before demanded that Harrison turn over his passport. Feeling threatened by Taisei's escalating demands and anxious regarding the legality of his passport, Harrison left Abu Dhabi without notifying either CDCI or Taisei of his departure. Upon his return to the U.S., he contacted CDCI to inform it of his actions and to request his wages. Despite his demands, CDCI refused to pay Harrison for his final two weeks of work in Abu Dhabi. In April 2004, Harrison filed suit against CDCI to collect unpaid wages, attorney fees, and penalty wages pursuant to LSA-R.S. 23:631 et seq.
CDCI conceded that Harrison was an "at-will" employee; however, in its answer to his petition, it averred that Harrison had no right to leave its employ "in such a manner as to harm CDCI and to cause it damage and loss of the contract with its client." Rather, CDCI maintained that the "employment arrangement" between it and Harrison "incorporated an obligation that Harrison act in good faith [such] that if he decided to leave the employment of CDCI, he provide proper notice and leave. . . in a manner that minimized disruption or damage to CDCI." Due to the circumstances surrounding Harrison's departure, CDCI alleged that its foreign client heading the Abu Dhabi project terminated and/or declined any future projects with CDCI. Arguing that it was entitled to a *169 setoff or compensation, CDCI further denied that it owed any money to Harrison on his claim since "Harrison willfully and maliciously caused damages to CDCI ... in an amount far in excess of that amount" sought for unpaid wages. In addition, CDCI asserted a reconventional demand against Harrison alleging damages due to his breach of contract, breach of fiduciary duty, and intentional interference with contractual relations between it and Taisei.
Thereafter, Harrison filed a motion for summary judgment. In opposition, CDCI argued that a genuine issue of material fact existed regarding the amount of unpaid wages, if any, that were "due and owing," considering its reconventional demand and claim for a setoff. Following a hearing, the trial court granted summary judgment in favor of Harrison, awarding him $6,804.00 in past wages, $51,030.00 in penalty wages, and $11,200.00 in attorney fees together with legal interest and dismissing CDCI's reconventional demand. From this judgment, CDCI now appeals. Harrison has answered the appeal seeking additional attorney fees.

APPLICABLE LAW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, 02-0852 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, 03-1620 (La.10/10/03), 855 So.2d 350. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2); Duplantis, 849 So.2d at 679-80.
Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Davis v. Specialty Diving, Inc., 98-0458, 98-0459 (La.App. 1 Cir. 4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972. The following statutes are pertinent to this matter.
Louisiana Revised Statutes 23:631 A(1)(b) provides:
Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.
Louisiana Revised Statutes 23:632 provides:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's *170 daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

DISCUSSION
In the present case, it is undisputed that Harrison was an at-will employee of CDCI who subsequently "resigned" his employment. It is further undisputed that he provided notice to CDCI subsequent to his return to the U.S. rather than prior to his departure from Abu Dhabi. CDCI neither disputes Harrison's rate of pay nor the fact that it refused to pay him for the final two weeks of work he performed despite his demand. Under these uncontested facts, Harrison clearly has the right to receive his unpaid wages pursuant to LSA-R.S. 23:631.
Nevertheless, on appeal, CDCI contends that: (1) it is entitled to setoff Harrrison's claim for unpaid wages against the damages it incurred due to Harrison's breach of his fiduciary duty as alleged in its reconventional demand;[1] or alternatively, (2) it should not be liable for penalty wages since it had a good faith belief that it was entitled to such a setoff.

Setoff for Breach of Fiduciary Duty
CDCI claims that Harrison breached the fiduciary duty he owed to it when he walked off the jobsite without notice to anyone of his intent to resign and knowing that he was the only CDCI employee on the jobsite at that time. However, under the undisputed facts in this case, we discern no breach of duty by Harrison.
Employees and/or mandataries owe a duty of fidelity to their employers and/or principals. ODECO Oil & Gas Co. v. Nunez, 532 So.2d 453, 462 (La.App. 1 Cir.1988), writ denied, 535 So.2d 745 (La. 1989). An employee is duty bound not to act in antagonism or opposition to the interest of the employer. Every one, whether designated agent, trustee, or servant, who is under contract or other legal obligation to represent or act for another in any particular business or line of business must be loyal and faithful to the interest of such other in respect to such business or purpose. Boncosky Services, Inc. v. Lampo, 98-2239 (La.App. 1 Cir. 11/5/99), 751 So.2d 278, 287, writ denied, 00-0322 (La.3/24/00), 758 So.2d 798.
However, historically, an employee's breach of his fiduciary duty to his employer has been contemplated in instances when an employee has engaged in dishonest behavior or unfair trade practices for the purpose of his own financial or commercial benefit. See ODECO Oil & Gas, 532 So.2d at 459-64; Realty Mart, Inc. v. Greenwell Commercial Properties, Inc., 343 So.2d 459, 461-462 (La.App. 1 Cir.), writ refused, 345 So.2d 902 (La.1977); Martinez Management, Inc. v. Caston, 39,500 (La.App. 2 Cir. 4/13/05), 900 So.2d 301, 304-05; Cenla Physical Therapy & Rehabilitation Agency, Inc. v. Lavergne, *171 94-1538 (La.App. 3 Cir. 5/3/95), 657 So.2d 175, 177-78. CDCI cites no jurisprudence wherein an at-will employee's inadequate notice of resignation was held to be a breach of his fiduciary duty to his employer. This is understandably so.
At-will employment has a strong presence in Louisiana law and jurisprudence. The principle is codified at LSA-C.C. art. 2747, which states: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause." Under LSA-C.C. art. 2747, an employer is generally at liberty to dismiss an employee at any time, for any reason, without incurring liability for the discharge, provided the termination does not violate any statutory or constitutional provision. Quebedeaux v. Dow Chemical Co., 01-2297 (La.6/21/02), 820 So.2d 542, 545-46. Likewise, an at-will employee is free to quit at any time without liability to his or her employer. Clark v. Acco Systems, Inc., 39,532 (La.App. 2 Cir. 4/6/05), 899 So.2d 783, 786. Aside from federal and state statutory exceptions, there are no broad public policy considerations creating exceptions to employment at-will and affecting relationships between an employer and employee. Quebedeaux, 820 So.2d at 546.
Louisiana Civil Code article 2024 provides that a contract of unspecified duration, such as the employment contract herein, may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1103-04 (La.1988). However, when the notice to terminate is unreasonable, the result is that the employment contract simply remains valid until properly terminated by one of the parties. See Washington-St. Tammany Elec. Co-op., Inc. v. St. Tammany Parish Police Jury, 612 So.2d 773, 779-80 (La.App. 1 Cir.1992), writ denied, 614 So.2d 86 (La.1993). In the case sub judice, CDCI does not contend that due to Harrison's unreasonable notice, the employment contract remains valid. To the contrary, both parties herein agree that the contract was terminated.
Finally, we recognize that employers have been allowed a setoff against a former employee's unpaid wage claim for damages pertinent to physical property or for definitive amounts of money owed by the employee for salary overpayment, loans, or outstanding account balances. See Richard v. Vidrine Automotive Services, Inc., 98-1020 (La.App. 1 Cir. 4/1/99), 729 So.2d 1174, 1178, and cases cited therein. However, this court has expressly held that the fact that an employee quits a job abruptly without notice to the employer does not justify employers withholding payment of the employee's earned wages. Blankenship v. Southern Beverage Co. Inc., 520 So.2d 440, 442 (La.App. 1 Cir.), writ dismissed, 522 So.2d 574 (La. 1988); Soday v. Mall Snacks, Inc., 374 So.2d 138, 140-41 (La.App. 1 Cir.1979). Accordingly, we find no merit in CDCI's argument that Harrison breached his fiduciary duty by giving inadequate notice, thereby entitling it to a setoff against his claim for unpaid wages.

Liability for Penalty Wages
Alternatively, CDCI contends that it is not liable for penalty wages because it had a good faith, reasonable belief that it was entitled to a setoff. To recover penalty wages under LSA-R.S. 23:632, a claimant must show that (1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand. Becht v. Morgan Bldg. & Spas, Inc., 02-2047 (La.4/23/03), 843 So.2d 1109, 1112, cert. denied, 540 U.S. *172 878, 124 S.Ct. 289, 157 L.Ed.2d 142 (2003). Being penal in nature, LSA-R.S. 23:632 must be strictly construed and its provisions may yield to equitable defenses. Wyatt v. Avoyelles Parish School Bd., 01-3180 (La.12/4/02), 831 So.2d 906, 916. However, it is only a good faith, non-arbitrary defense to liability for unpaid wages that will permit the courts to excuse the employer from the imposition of penalty wages. Generally, when there is a good-faith question of whether the employer actually owes wages or whether there may be a setoff to wages owed, resistance to payment will not trigger penalty wages. Cochran v. American Advantage Mortg. Co., Inc., 93-1480 (La.App. 1 Cir. 6/24/94), 638 So.2d 1235, 1239-40.
As previously noted, Louisiana courts have recognized an employer's claim of setoff as an equitable defense to a penalty wage claim in particular circumstances. Richard, 729 So.2d at 1178. However, notice regarding an employee's resignation has never been recognized as the basis of such a claim. Indeed, the decisions rendered by this court in Blankenship and Soday clearly demonstrate that it cannot be.
Moreover, employment-at-will is firmly established in Louisiana law. Pursuant to this doctrine, an at-will employee is free to quit at any time without liability to his employer. Had it needed additional security, CDCI was certainly free to contract with Harrison for a definite term or regarding particular notice requirements. This it did not do. Accordingly, we conclude that CDCI's claim does not constitute a good faith, non-arbitrary defense to liability for unpaid wages. Thus, penalty wages were properly imposed. See Beard v. Summit Institute of Pulmonary Medicine and Rehabilitation, Inc., 97-1784 (La.3/4/98), 707 So.2d 1233, 1236-37.

Additional Attorney Fees
Harrison timely filed an answer to CDCI's appeal seeking additional attorney fees. Additional attorney fees are usually awarded on appeal when a party appeals, obtains no relief, and the appeal has necessitated additional work on the opposing party's counsel, provided that the opposing party has appropriately requested the increase. Loup v. Louisiana State School for the Deaf, 98-0329 (La. App. 1 Cir. 2/19/99), 729 So.2d 689, 694. For the work necessitated by this appeal, including reviewing the appeal, preparing a response, and appearing for oral argument, we find that an additional award of attorney fees in the amount of $1,000.00 is warranted.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. We further order CD Consulting, Inc. to pay an additional $1,000.00 in attorney fees to Randall Harrison for the defense of this appeal. CD Consulting, Inc. is cast with all costs of this appeal.
AFFIRMED AND RENDERED WITH ORDER.
NOTES
[1] CDCI obviously abandoned its allegations regarding breach of contract and intentional interference with contractual relations.