# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 16-286


GARAGE SOLUTIONS, LLC, ET AL.

VERSUS

MONTY J. PERSON


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
EUNICE CITY COURT
PARISH OF ST. LANDRY, NO. CD28729-15
HONORABLE M. TERRANCE HOYCHICK, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Monty J. Person**
**In Proper Person**
**236 Rue Normandie**
**Eunice, LA 70535**
**DEFENDANT/APPELLEE:**
    **Monty J. Person**

**Mark A. Fontenot**
**In Proper Person**
**108 Briarmeadow Drive**
**Lafayette, LA 70508**
**(337) 451-6728**
**PLAINTIFFS/APPELLANTS:**
    **Garage Solutions, LLC**
    **Monkey Bars Shelving of Greater Baton Rouge, LLC**

**EZELL, Judge.**

The Plaintiffs, Garage Solutions, LLC and Monkey Bars Shelving of Greater Baton Rouge, LLC appeal a trial court judgment which dismissed their claims against the Defendant, Monty J. Person, for reimbursement of training expenses. Mr. Person signed two contracts agreeing that he would reimburse the plaintiffs for training at two locations if he failed to remain employed for one year. The plaintiffs claim that the trial court erred in finding that these contracts were not enforceable.

## FACTS

Mr. Person began working for Plaintiffs on March 3, 2015. The Plaintiffs, which consist of two companies, are owned by Mark Fontenot. The Plaintiffs install garage storage systems which consist of high-end garage cabinets, shelving, overhead racks, and epoxy flooring. After working for the Plaintiffs for three months, Mr. Fontenot sent Mr. Person to corporate training in Rexburg, Idaho and Little Rock, Arkansas.

Mr. Person attended training in Arkansas at Elite Crete from June 10 to June 12, 2015. He later attended training in Idaho at MB Corp Training from June 22 to June 26, 2015. Mr. Person testified that two days before he left for the Idaho trip, he was presented with three contracts to sign, a noncompetition contract and two training reimbursement contract. Mr. Person stated that he never signed the noncompetition contracts. The reimbursement contracts for both training seminars were not signed until July 23, 2015. The contracts provide that if Mr. Person terminates his employment with the plaintiffs within one year following the date of the completion of the training, he would reimburse the plaintiffs the cost of

training incurred pursuant to a declining schedule based on the amount of time he is employed after the training.

Mr. Person last worked for the plaintiffs on August 5, 2015. The plaintiffs then filed the present action seeking reimbursement from Mr. Person of $2,935.78 in training expenses. Mr. Person answered the petition and filed a reconventional demand claiming to be owed $482.95 in commissions.

A trial was held on December 28, 2015. Relying on this court's decision in *Newsom v. Global Data Systems, Inc.*, 12-412, 12-413 (La.App. 3 Cir. 12/12/12), 107 So.3d 781, *writ denied*, 13-429 (La. 4/5/13), 110 So.3d 595, the trial court expressed concern over the validity of the contracts since Mr. Person was an at-will employee. The trial court then held that the contracts were unenforceable. The trial court also denied Mr. Person's claims for unpaid commissions because there was no documentation to support his claim. The plaintiffs then filed the present appeal.

## DISCUSSION

The plaintiffs claim the trial court erred in finding that the contracts for reimbursement were not enforceable. They argue that Mr. Person voluntarily signed the agreements and they are enforceable.

An employee-employer relationship is a contractual relationship in which the parties can negotiate and agree to any terms not prohibited by law or public policy. *Read v. Willwoods Cmty.*, 14-1475 (La. 3/17/15), 165 So.3d 883. "Louisiana law provides that employment contracts are either limited term or terminable at will." *Id.* at 887. "Under a limited term contract the parties agree to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee

2

without cause." *Id*. At-will employment is based on the principle embodied in La.Civ.Code art. 2747 that "an employer is generally at liberty to dismiss an employee at any time, for any reason, without incurring liability for the discharge, provided the termination does not violate any statutory or constitutional provision." *Harrison v. CD Consulting, Inc.*, 05-1087, p. 7 (La.App. 1 Cir. 5/5/06), 934 So.2d 166, 171. "Likewise, an at-will employee is free to quit at any time without liability to his or her employer." *Id*. At trial, Mr. Fontenot agreed that Mr. Person was an at-will employee.

In *Newsom*, 107 So.3d 781, this court held that an employment contract provision requiring at-will employees to reimburse the company for educational and training expenses after separation was void as against public policy. At the start of their employment, the two employees involved in the case signed multiple documents which included a handbook and an employment agreement. "The employment agreement included a clause that indicated an employee would reimburse the company for expenses arising out of education and training for the twelve months preceding separation." *Id*. at 784. This court reasoned that "[c]ollecting debts owed by former employees to their employers for benefits accrued is a fundamentally different principle than requiring employees to reimburse for training and education that significantly benefited the employer." *Id*. at 789. The court further noted that the employer had received benefits from the training of the employees because it gained preferential contracts with companies and earned revenue as a result of the employees' new skills. By contractually requiring the employees to reimburse the employer for their educational expenses, the employees would never be able to leave employment without incurring liability, thereby violating the public policy that at-will employment allows an employee "to

3

quit at any time without liability to his or her employer." *Harrison*, 934 So.2d at 171.

In the present case, the plaintiffs and Mr. Person entered into these contracts during Mr. Person's employment. They were free to enter into these contracts during Mr. Person's employment as long as they were not prohibited by law or public policy. *Read*, 165 So.3d 883. After Mr. Person went to the training, he was free to agree to reimburse the plaintiffs for the expenses they incurred.

However, after reviewing the evidence and testimony, we agree with the trial court that the validity of the contracts is at issue. Mr. Person testified that at the start of his employment, Mr. Fontenot discussed with him the possibility of a noncompetition contract if Mr. Person received training. It was not until two days before the Idaho trip that Mr. Fontenot presented Mr. Person with the noncompetition agreement and the reimbursement contracts. Mr. Person testified that he eventually signed the reimbursement contracts after he returned because Mr. Fontenot would not pay him what he was owed until he signed the contracts.

"A contract is formed by the consent of the parties established through offer and acceptance." La.Civ.Code art. 1927. "Consent may be vitiated by error, fraud, or duress." La.Civ.Code art. 1948. "Consent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation." La.Civ.Code art. 1959. "Fear of economic deprivation has been recognized as a type of duress that will vitiate consent." *Martco P'ship v. Frazier*, 01-72, p. 5 (La.App. 3 Cir. 6/6/01), 787 So.2d 1196, 1199.

"An affirmative defense is one which raises a new matter not covered in the plaintiff's petition and which will have the effect of defeating the plaintiff's

4

demand on its merits." *Id*. "The party asserting an affirmative defense has the burden of proving it by a preponderance of the evidence." *Id*.

Pursuant to La.Code Civ.P. art. 1005, duress is an affirmative defense which must be set forth affirmatively in the pleadings.

> Where, however, an affirmative defense has not been pleaded by the defendant but the plaintiff nevertheless fails to object to the introduction of evidence that bears on the affirmative defense and that is not pertinent to any issues raised in the pleadings, the pleadings have been considered to have been enlarged to include the affirmative defense, and the court can act as though the affirmative defense has been pleaded.

*DLJ of Louisiana No. 1 v. Green Thumb, Inc.*, 376 So.2d 121, 122, n.9 (La.1979); See also *Broussard v. Crochet, Broussard & Co.*, 477 So.2d 166 (La.App. 3 Cir. 1985); *Audio Plus, Inc. v. Lombardino*, 47,488 (La.App. 2 Cir. 9/20/12), 105 So.3d 725.

While Mr. Person did not specifically raise the issue of signing the contracts under duress, we find that there was sufficient testimony at trial to enlarge the pleadings which the Plaintiffs did not object to. There is no doubt that Mr. Person did not want to sign these two reimbursement contracts. When initially presented with the contracts, he refused to sign them. He continued to refuse to sign the contracts until Mr. Fontenot informed him that he was going to withhold his paycheck representing the agreed-upon hourly rate for the time Mr. Person spent at the seminars. While Mr. Fontenot testified that he did not withhold wages, he agreed that he withheld reimbursement for the time spent attending the training. However, the testimony and evidence in the record indicates that it was wages that were withheld.

Mr. Fontenot testified that the Plaintiffs paid Mr. Person his hourly rate while he was in training. Mr. Fontenot agreed that he withheld a check in the

5

amount of $600.00 until Mr. Person signed the contracts.  The plaintiffs' exhibit attached to the contract for the Idaho training indicates that Mr. Person was owed $600.00 for "GROSS SALARY AND/OR WAGES."  The amount owed to Mr. Person before he signed the contracts represented the amount of hours he attended at training in Idaho.

We find that Mr. Person established by a preponderance of the evidence that his consent was vitiated when he signed the two reimbursement contracts because he was under duress of having money he earned withheld from him.  Therefore, we affirm the judgment of the trial court dismissing the plaintiffs' claims for reimbursement of training costs against Defendant, Mr. Person.  Costs of this appeal are assessed to Plaintiffs, Garage Solutions, LLC and Monkey Bars Shelving of Greater Baton Rouge, LLC.

**AFFIRMED.**