# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2022

Lyle W. Cayce
Clerk

No. 21-30368

People Source Staffing Professionals, L.L.C., *an Oklahoma limited liability company*,

*Plaintiff—Appellant*,

*versus*

Anna Robertson, *an individual*; Wayne Williamson, *an individual*; Kathy Williamson, *an individual*; Shauna Bradley, *an individual*; Will Source, Incorporated, *a Delaware corporation*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-430

Before Jolly, Willett, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Appellant People Source supplies temp workers. It brought various claims under Louisiana state law against its competitor Will Source and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

several Will Source employees. The district court granted summary judgment to the defendants. We affirm.

## I.

This suit arises out of a "mass resignation" by People Source employees on March 15, 2019. People Source alleged that following the mass resignation, appellees conspired to (and did) set up Will Source to compete with People Source, and that they used People Source trade secrets and other confidential information to do so.

People Source sued the appellees in federal district court. It brought various claims under Louisiana state law. The district court granted summary judgment to the defendants. On appeal, People Source alleges that the district court made a host of errors that fall into two categories: (1) it improperly excluded certain evidence, and (2) it erroneously granted summary judgment to the appellees.

## II.

We start with the district court's decision to strike evidence. Our review is for abuse of discretion. *See Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007). Here, the district court struck two pieces of evidence.

The first was a document the parties call "the Petrin Agreement." People Source submitted this document as an attachment to a declaration by Courtney Keefover. The district court granted the motion to strike as to paragraph 11 of the Keefover declaration because it was not within the declarant's personal knowledge. And it also agreed to strike the Petrin Agreement, which was attached as an exhibit in support of paragraph 11. The district court excluded it after concluding "Courtney Keefover [couldn't]

authenticate" the Petrin Agreement because it, too, was "not within her personal knowledge."

We see no error in the district court's conclusion, much less do we find an abuse of discretion. Although appellant was not obliged to authenticate its summary-judgment evidence, the summary-judgment rules permit a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible evidence." FED. R. CIV. P. 56(c)(2). Upon objection, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." FED. R. CIV. P. 56(c) advisory committee's note to 2010 amendment. And here, although it was possible the Agreement could be "authenticated in other ways at trial," the district court noted People Source "listed no witnesses who could authenticate" the document.

The second piece of stricken evidence was a document called "the Reeves Affidavit." People Source produced it after the applicable discovery deadline, and the district court excluded it for that reason. District courts have "broad discretion" to control pretrial discovery, and a "decision to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). There is no such abuse of discretion here.

III.

We review a grant of summary judgment *de novo*. *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013).

People Source first argues the district court erred in granting summary judgment on its claims under the Louisiana Uniform Trade Secrets Act ("LUTSA"). To make out a LUTSA claim, a plaintiff must establish "(a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and (c) the actual loss caused by the misappropriation." *Brand*

No. 21-30368

*Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). The district court concluded People Source lacked evidence to create a triable fact issue on misappropriation and therefore was entitled to summary judgment on the LUTSA claims. We see no basis for disturbing that conclusion.

Appellant also argues the district court erred in granting summary judgment on its claims under the Louisiana Unfair Trade Practices Act ("LUTPA"). LUTPA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." LA. R.S. 51:1405. "[O]nly egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633, p. 12 (La. 4/23/10); 35 So. 3d 1053, 1060.

The district court thoroughly reviewed the evidence presented, analyzed the LUTPA issues, and concluded People Source failed to provide evidence sufficient to create a triable fact issue. We have carefully reviewed the district court's analysis and see no basis for disturbing it.

People Source next contends the district court erred by misinterpreting its conspiracy claim and "analyzing it solely according to the elements of a Louisiana state law fraud claim." People Source's complaint alleged a "conspiracy to commit fraud." Accordingly, the district court laid out the elements of a fraud claim: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to the contract. *Grigsby & Assocs., Inc. v. City of Shreveport*, 294 F. Supp. 3d 529, 544 (W.D. La. 2018). It then held People Source was missing an element: "there was no misrepresentation or suppression of the

truth by any of the Defendants that substantially influenced People Source's course of conduct." Because fraud is the underlying tort for the conspiracy claim, and People Source failed to establish an element of fraud, the district court did not err in granting summary judgment to defendants on the conspiracy claim.

Next, People Source argues the district court erred by granting summary judgment on its breach-of-fiduciary-duties claims. "The defining characteristic of a fiduciary relationship . . . is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor." *Sampson v. DCI of Alexandria*, 2007-671, p. 7 (La. App. 3 Cir. 10/31/07); 970 So. 2d 55, 60. "An employee owes his employer a duty to be loyal and faithful to the employer's interest and business. . . . However, this duty of allegiance does not rise to the level of a fiduciary duty unless the employee is also an agent or mandatary of his employer." *Innovative Manpower Sols., LLC v. Ironman Staffing, LLC*, 929 F. Supp. 2d 597, 609 (W.D. La. 2013). Many employees who are not fiduciaries have a lesser duty of fidelity to their employers—that duty requires them "not to act in antagonism or opposition to the interest of the employer," *Harrison v. CD Consulting, Inc.*, 2005-1087, p. 6 (La. App. 1 Cir. 5/5/06); 934 So. 2d 166, 170, but it nonetheless allows an employee to prepare to compete with a former employer.

The district court concluded neither Shauna Bradley nor Anna Robertson qualified as a fiduciary of People Source and accordingly granted summary judgment on these claims. Bradley was "an account manager for People Source," but she did "not have a special duty as an agent or mandatary for People Source." And Robertson was "not an officer, director, or owner of People Source" in a "special relationship of confidence or trust," *Sampson*, 970 So. at 60, so she was "not an agent or mandatary of People Source that owed a fiduciary duty." The district court did not err in

concluding there was no triable issue of fact regarding whether either qualified as a fiduciary. And although both Bradley and Robertson may have owed a lesser duty of fidelity to People Source, any argument to that effect has not been presented and is deemed forfeited.

Finally, People Source argues the district court erred in granting summary judgment on the breach-of-contract claim. The relevant contract obligations were set out in the Louisiana Non-Compete and Non-Solicitation Agreements (the "Agreement"), which Bradley signed. But Louisiana law strongly disfavors agreements in restraint of trade. *See* LA. R.S. 23:921(a)(1) ("Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade or business of any kind, except as provided in this section, shall be null and void."). A non-solicitation or non-competition agreement is only valid in Louisiana if three requirements are met: (1) a two-year maximum duration, (2) a list of the areas in which the former employee is restrained, and (3) competition between the former employee and employer. *Env't Safety & Health Consulting Servs., Inc. v. Fowler*, 2019-0813 (La. App. 4 Cir. 3/11/20), *writ denied*, 202-00729 (La. 10/6/20); 302 So. 3d 528. The district court correctly applied that law and held the Agreement was overbroad and unenforceable. Based on that conclusion, the district court was correct to grant summary judgment on the breach-of-contract claim, which depended entirely on the enforceability of the Agreement.

*      *      *

We have considered People Source's other arguments and find them unpersuasive. For the foregoing reasons, and for substantially the same given in the district court's two thorough opinions granting the motions for summary judgment, we refuse to disturb the judgment below.

AFFIRMED.

6