STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0491

COASTAL BRIDGE COMPANY, L.L.C.

VERSUS

DEVON OVERALL AND COASTAL CONTRACTORS INC.

Judgment Rendered: __JAN 0 9 2026__

* * * * * * *

On Appeal from the 18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Trial Court Docket Number 80,388, Div. "B"

Honorable Tonya S. Lurry, Judge Presiding

* * * * * * *

Ashly Van Earl                          Counsel for Plaintiff/Appellant,
Baton Rouge, Louisiana                  Coastal Bridge Company, L.L.C.


Murphy J. Foster, III                   Counsel for Defendants/Appellees,
Carroll Devillier, Jr.                  Devon Overall and
Alexandra C. Hains                      Coastal Contractors, Inc.
Baton Rouge, Louisiana
        and
Jeremy S. Lacombe
New Roads, Louisiana


* * * * * * *

**BEFORE: THERIOT, PENZATO, AND BALFOUR, JJ.**

**PENZATO, J.**

Plaintiff, Coastal Bridge Company, L.L.C., appeals a judgment granting a motion for summary judgment in favor of defendants, Devon Overall and Coastal Contractors, Inc., and dismissing Coastal Bridge's claim for breach of fiduciary duty. After reviewing an amended judgment, we find the judgment on appeal is final and appealable. Therefore, the appeal is maintained. After *de novo* review of the motion for summary judgment and related evidence, we reverse and remand this matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Devon Overall was employed by Coastal Bridge from 2006 until 2019. In 2013, Kelly Sills purchased Coastal Bridge and established two divisions within the company – the Bridge Division and the Road Division. Overall was Vice President of Coastal Bridge's Bridge Division from 2013 until December 2019, when all employees of the Bridge Division were laid off. In February 2019, Overall purchased Coastal Contractors, Inc. ("CCI") from his father and began to bid new projects for CCI while still employed by Coastal Bridge.[1]

Coastal Bridge filed a petition for damages against Overall and CCI in December 2020, alleging that Overall diverted and appropriated business from Coastal Bridge to CCI. Coastal Bridge also asserted that it leased property known as the "Plaquemine Yard" in the 1980s, which was essential to its operations. Coastal Bridge maintained that Overall was tasked with continuing to renew the Plaquemine Yard lease every five years on behalf of Coastal Bridge. According to the petition, Overall and CCI converted the Plaquemine Yard lease in April 2019 by obtaining a new lease in favor of CCI. Coastal Bridge sought damages for Overall's purported breach of fiduciary duty and the conversion of the Plaquemine Yard lease.

---

[1] These facts were established in Overall's affidavit attached to the motion for summary judgment.

On July 11, 2024, the trial court signed a judgment sustaining Overall and CCI's peremptory exception of prescription, dismissing Coastal Bridge's claim for conversion of the Plaquemine Yard lease.

Prior to that, on May 31, 2024, Overall and CCI filed a motion for summary judgment to dismiss Coastal Bridge's claim for breach of fiduciary duty.[2] Defendants asserted that Coastal Bridge could not satisfy the duty and damages elements of its burden of proof. Specifically, they maintained that Overall owed no fiduciary duty to Coastal Bridge at the time of the alleged breach, and Coastal Bridge cannot prove that it suffered any damages as a result of the alleged breach. To support the motion, defendants relied on Overall's affidavit with attachments and the depositions of Sills and Michael Giambrone, Coastal Bridge's chief financial officer.[3]

On the issue of duty, defendants asserted that, following an email sent by Overall to Sills on January 13, 2019, Overall and Sills agreed that Overall would continue to work for Coastal Bridge to complete existing bridge work while simultaneously working to obtain new business for CCI. Concerning damages, defendants cited Giambrone's testimony that the Plaquemine Yard lease was an expense for Coastal Bridge, it did not generate a substantial amount of money for Coastal Bridge, and Coastal Bridge suffered no "detrimental impact" because it no longer had the lease.

Coastal Bridge did not timely file an opposition, and defendants submitted the motion for summary judgment to the trial court without argument.

---

[2] Although not titled "motion for partial summary judgment," the motion sought to dismiss only one of two then-pending claims. Thus, it was a motion for partial summary judgment pursuant to La. C.C.P. art. 966(E).

[3] Michael Giambrone's deposition was taken in connection with a related matter entitled *Devon Overall v. Coastal Bridge, LLC* pending in the 19th Judicial District Court, docket no. C706416. Defendants in this matter also attached a judgment in the *Overall v. Coastal Bridge* matter as an exhibit to their motion for summary judgment. The judgment, signed October 10, 2023, is rendered in favor of Overall and against Coastal Bridge and awards monetary damages to Overall for unpaid wages and penalties, with judicial interest until paid.

Defendants' motion for summary judgment was subsequently granted in a judgment signed on August 13, 2024, and Coastal Bridge's claim for breach of fiduciary duty was dismissed with prejudice.[4] Coastal Bridge then timely filed this appeal.

After the appeal was lodged, this court issued an interim order, noting it was not clear from the August 13, 2024 judgment whether all claims between the parties were resolved or whether a designation pursuant to La. C.C.P. art. 1915(B) was necessary. The matter was remanded to the trial court for entry of an amended judgment that specifically indicated whether Coastal Bridge's claims were dismissed in their entirety and that complied with La. C.C.P. art. 1918 or, alternatively, for the court to certify the judgment in accordance with Article 1915(B) or indicate that it declined to certify the judgment at this time.

The record was supplemented with an amended judgment, signed on November 18, 2025, which expressly states that Coastal Bridge's claim for breach of fiduciary duty was the sole remaining claim and there are no remaining or outstanding claims in this matter.[5] Thus, it is apparent from the face of the amended judgment that the judgment is final and appealable. See La. C.C.P. arts. 1841, 1918, and 2083. The appeal is maintained.

## DISCUSSION

On appeal, Coastal Bridge contends the trial court erred in granting summary judgment in favor of Overall and CCI because they failed to carry their burden of demonstrating the absence of factual support for the duty and damages elements of

---

[4] The judgment and reasons for judgment were contained in the same document, contrary to the mandate of La. C.C.P. art. 1918(B). Louisiana Code of Civil Procedure article 1918(B) states that "[w]hen written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." Thus, a judgment should not include reasons for judgment. *Percle v. Lafourche Parish Government*, 2022-1276 (La. App. 1 Cir. 7/12/23), 371 So.3d 25, 27 n.1. Furthermore, an appeal lies only from the judgment, not from the reasons. *Greater New Orleans Expressway Commission v. Olivier*, 2002-2795 (La. 11/18/03), 860 So.2d 22, 24. However, a judgment that is complete in every respect is still valid despite the inclusion of the written reasons. *Percle*, 371 So.3d at 27 n.1.

[5] Although not required, the amended judgment also contains a certification pursuant to La. C.C.P. art. 1915(B), and states there is no just reason for delay.

Coastal Bridge's breach of fiduciary duty cause of action. Specifically, the motion for summary judgment was based upon two issues: whether Overall owed a fiduciary duty to Coastal Bridge in 2019 at the time of the alleged breach and whether Coastal Bridge sustained damages as a result of the breach.[6]

***Summary Judgment***

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether there is a genuine issue of material fact. *Cope v. Board of Supervisors of Louisiana State University & A&M College,* 2025-0035 (La. App. 1 Cir. 7/3/25), 417 So.3d 1048, 1055. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. *Cope,* 340 So.3d at 1055.

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate, *i.e.,* whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Cope,* 417 So.3d at 1055.

---

[6] A January 2020 "Consent and Release Agreement" between Coastal Bridge and Nationwide Mutual Insurance Company was authenticated by Overall and attached to his affidavit filed in support of the motion for summary judgment. In the agreement, Coastal Bridge agreed to allow CCI to act as a completion contractor to perform the remaining work on identified "Bonded Contracts." Coastal Bridge expressly waived any claim it may have against CCI or any current or former employee of Coastal Bridge in connection with or related to the completion of the Bonded Contracts, including but not limited to, any claim of tortious interference of a contract right, breach of contract, breach of employment contract, *breach of fiduciary duty,* destruction of business, deprivation of profits, loss of bonding capacity, bad faith, and unjust enrichment. Although attached as evidence, Overall and CCI did not move for summary judgment based on this waiver. A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F); *Safeway Ins. Co. of Louisiana v. Government Employees Ins. Co.,* 2021-01382 (La. 12/21/21), 329 So.3d 273, 274 (per curiam).

As the movers on the motion for summary judgment, Overall and CCI bear the initial burden of proof. See La. C.C.P. art. 966(D)(1). However, because they will not bear the burden of proof at trial, they are not required to negate all essential elements of Coastal Bridge's breach of fiduciary duty cause of action. Rather, Overall and CCI are required to point out an absence of factual support for one or more elements of Coastal Bridge's claim. See La. C.C.P. art. 966(D)(1) and (F). Thereafter, summary judgment shall be granted unless Coastal Bridge produces factual support sufficient to establish the existence of a genuine issue of material fact or that Overall and CCI are not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1).

### Fiduciary Duty

The existence of a duty is a question of law. *Farrell v. Circle K Stores, Inc.*, 2022-00849 (La. 3/17/23), 359 So.3d 467, 473. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty. *Farrell*, 359 So.3d at 473.

Whether a fiduciary duty exists, and the extent of that duty, depends on the facts and circumstances of the case and the relationship of the parties. *Cope*, 417 So.3d at 1056. Employees owe a duty of fidelity to their employers. *Harrison v. CD Consulting, Inc.*, 2005-1087 (La. App. 1 Cir. 5/5/06), 934 So.2d 166, 170. An employee is duty bound not to act in antagonism or opposition to the interest of the employer. Every person, whether designated agent, trustee, or servant, who is under contract or other legal obligation to represent or act for another in any particular business or line of business must be loyal and faithful to the interest of such other in respect to such business or purpose. *Harrison*, 934 So.2d at 170; see La. R.S. 9:3801(2). Historically, an employee's breach of his fiduciary duty to his employer has been contemplated in instances when an employee has engaged in

dishonest behavior or unfair trade practices for the purpose of his own financial or commercial benefit. *Harrison*, 934 So.2d at 170.[7]

Sills testified that, as Vice President of Coastal Bridge's Bridge Division, Overall was responsible for renewing whatever leases the Bridge Division was using, including the Plaquemine Yard lease. Defendants assert that Overall owed no fiduciary duty to Coastal Bridge after January 13, 2019, relying on Overall's email to Sills of the same date. At the time, Overall was considering accepting a job with another company. Overall's email to Sills outlined a three-step proposal for Overall to remain with Coastal Bridge and gave Sills the option to either:

1) You 100% commit to steps 1, 2, and 3 and promote me to COO and you do 15% bridge profits, 10% road, and 175k salary. I would have to see step 1 happen before we could agree to this and I could walk anytime if the intent of this is not followed.

2) We[8] will stay here to complete the existing Bridge work and do everything we know to do to keep them profitable under Coastal Bridge. I will also act as a modified COO in whatever capacity you allow to complete whatever portions of steps 1, 2, and 3 you want and do whatever I know to do to help make Coastal profitable again under my current salary and bonus structure. We will bid new bridge work under [CCI] and buy all the bridge assets at 70% of the liquidated value. We will rent the needed equipment to bridge as we finish the work for same rental rates in the bids. If we land Formosa, we will perform that work as well and split the profits 50/50 between contractors and bridge.

3) If you do not agree to sell the bridge assets, [w]e leave to begin bidding work as [CCI] and use the money that would have gone towards buying the bridge assets to start from scratch and no commitment to complete the work.

Overall's email concluded, "Some of this is negotiable, just my initial thoughts. Please think about it and let me know."

---

[7] One is said to act in a fiduciary capacity "when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other." *Scheffler v. Adams & Reese, LLP*, 2006-1774 (La. 2/22/07), 950 So.2d 641, 647 (citations omitted).

[8] It is not clear from the email who Overall was referring to, in addition to himself.

In his affidavit, Overall attested that he was not promoted to chief operating officer (COO), as outlined in option one, and he did not leave Coastal Bridge, as contemplated in option three. Therefore, Overall maintains he continued his employment with Coastal Bridge under option two. However, no evidence offered in support of the motion for summary judgment shows that Sills agreed to Overall's terms as outlined in option two. The evidence establishes only that Overall continued to work for Coastal Bridge after January 2019, he purchased CCI in February 2019, and Sills was included on emails regarding bonding to CCI and its plan to bid on jobs in February 2019. Thus, genuine issues of material fact remain regarding the scope of Overall's employment with Coastal Bridge in 2019 and his related obligations.

Even if Overall's employment with Coastal Bridge was modified as outlined in his January 13, 2019 email, genuine issues of material fact remain regarding whether the Plaquemine Yard lease was necessary to complete Coastal Bridge's existing work. In connection with this undertaking, Overall may have owed a fiduciary duty to Coastal Bridge to renew the lease on its behalf and for its benefit. Sills testified that he was told (on an unspecified date) that CCI "took" the Plaquemine Yard lease. Similarly, Overall's affidavit states that CCI "took over" the lease. Giambrone testified the Plaquemine Yard lease was not paid, then Coastal Bridge "didn't have it." The summary judgment evidence does not explain how or under what circumstances CCI became the lessee to the Plaquemine Yard lease. Therefore, genuine issues of material fact remain as to whether Overall engaged in conduct for his own financial or commercial benefit to Coastal Bridge's detriment by taking the Plaquemine Yard lease for CCI while purportedly completing Coastal Bridge's existing work. See Harrison, 934 So.2d at 170. We find CCI and Overall failed to show the absence of factual support for the duty element of Coastal Bridge's breach of fiduciary duty cause of action. See La. C.C.P. art. 966(D)(1).

8

*Damages*

Sills testified that the Plaquemine Yard, with its access to Bayou Plaquemine, was essential to Coastal Bridge's operations. The Plaquemine Yard served as the base of Coastal Bridge's Bridge Division and was a "[v]ery vital" part of that division. The Plaquemine Yard housed Coastal Bridge's equipment, manpower, foreman, supplies, and excess inventory. It was also where meetings were held and where the Bridge Division's offices were located. Coastal Bridge also used the Plaquemine Yard to offload vessels, since it "[f]eeds off the Mississippi River." According to Sills, the Plaquemine Yard produced $1.5 million in annual profits for Coastal Bridge. The Plaquemine Yard was the center of the Bridge Division; all money that flowed through the Bridge Division flowed through the Plaquemine Yard.

Although Giambrone testified the Plaquemine Yard lease was an expense for Coastal Bridge, and he was unaware of any "detrimental impact" to Coastal Bridge due to the loss of the lease, he also stated the lease brought in "some revenue" for Coastal Bridge. This testimony, combined with Sills' confirmation that Coastal Bridge made $1.5 million in annual profits from the Plaquemine Yard lease, demonstrates the existence of a genuine issue of material fact as to whether and to what extent Coastal Bridge suffered damages as a result of Overall's alleged breach of fiduciary duty related to the Plaquemine Yard lease. Overall and CCI failed to show the absence of factual support for the damages element of Coastal Bridge's breach of fiduciary duty cause of action.[9]  See La. C.C.P. art. 966(D)(1).

---

[9] The motion for summary judgment and related evidence focus on Coastal Bridge's financial health in the years leading up to and through 2019. We pretermit consideration of whether a genuine issue of material fact remains as to Coastal Bridge's financial situation considering our conclusion concerning damages related to the loss of the Plaquemine Yard lease.

**CONCLUSION**

For the stated reasons, the November 18, 2025 amended judgment granting the motion for summary judgment filed by Devon Overall and Coastal Contractors, Inc. and dismissing Coastal Bridge Company, L.L.C.'s breach of fiduciary duty cause of action is reversed. This matter is remanded to the trial court for further proceedings. All costs of this appeal shall be assessed against Devon Overall and Coastal Contractors, Inc.

**APPEAL MAINTAINED. JUDGMENT REVERSED. REMANDED.**